## Milton Bank and Safe Deposit Co. *v.* E. B. Beachel, Appellant.

Argued October 7, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Clair Groover,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WOODSIDE, J., December 29, 1953:

This is an appeal from an order striking off an appeal from a justice of the peace because of appellant's failure to comply with the lower court rule requiring notice of the filing of the appeal.

Judgment was entered by a justice of the peace for $39 in favor of the Milton Bank and Safe Deposit Co. and against E. B. Beachel, trading under the name of Beachel Taxi Service. After the entry of judgment Beachel, acting as his own attorney, said to the justice of the peace in the presence of the attorney for the

plaintiff that he "wanted to file an appeal" and the plaintiff's attorney replied that "he should go ahead and file it." The appeal was filed but the notice required by the rules of the lower court was not given. The present appellee thereupon obtained a rule to show cause why the appeal from the justice of the peace should not be stricken. The lower court made the rule absolute, refused Beachel the right to file the required notice nunc pro tunc, and struck off the appeal.

Rule IV of the Court of Common Pleas of Northumberland County provides as follows:

"IV. Appeals From Justices of the Peace, Magistrates or Aldermen

"1. In all civil actions brought into Court on appeal from Magistrates, Justices of the Peace, or Aldermen, the appellant shall within five days give written notice to the opposite party of the filing of the appeal and proof of service thereof shall be filed of record . . ."

Rules somewhat similar are common to Common Pleas Courts and are generally strictly enforced. *Dimeler v. Taylor,* 54 Dauphin 1 (1944) and cases there cited, *Cohen v. Rapaport,* 62 D. & C. 71 (1948), 19 Northumberland Legal Journal 285; *Specht v. Moyer,* 10 D. & C. 311, Snyder County (1928); *Acor v. Acor,* 7 Dist. R. 360, Montour County (1898).

If the rules of a common pleas court are reasonable, as the one before us is, the lower court will not be reversed for enforcing them except for the most compelling reason.

The appellant suggests that the colloquy quoted above was sufficient compliance with the rule or at least gave the appellee sufficient notice of his intention to file the appeal that he should now be allowed to give the notice and file the proof thereof nunc pro tunc.

Any such oral statements between the appellant and appellee's counsel at the justice of peace's hearing or immediately after it cannot be considered as tantamount to a written notice of the filing of an appeal.

That the appellant thought the justice of peace would do whatever was necessary to perfect the appeal does not help him. If he was relying upon the justice of peace then he made the justice his agent and is bound by his failure to act. *Kennemuth v. Lewis,* 61 Pa. Superior Ct. 251 (1915) ; *Mason v. Stackhouse,* 84 Pa. Superior Ct. 288 (1925).

In *Adelman, Trustee v. J. McShain, Inc.,* 148 Pa. Superior Ct. 138, 24 A. 2d 703 (1942) this Court held that the lower court's allowance of an appeal from a justice of the peace nunc pro tunc was an abuse of discretion and applied the oft repeated rule that an appeal nunc pro tunc may be allowed only where there is fraud or its equivalent. This conclusion was based upon the theory that the courts could not extend the time allowed by the Legislature within which an appeal should be taken.

Where the appeal is taken within the time required by law, and it is a rule of court and not a statutory requirement that is violated, the court may not be bound by the same strict rule as that applied in the *Adelman* case.

But whether the court would have abused its discretion had it permitted the appellant to perfect his appeal nunc pro tunc is not before us. There is no doubt that the lower court was within its rights in refusing to allow the filing of the notice nunc pro tunc.

The order is affirmed.