Bailey Estate.

Argued October 6, 1955. Before STERN, C. J., STEARNE, JONES and MUSMANNO, JJ.

*Lloyd F. Engle, Jr.,* for appellant.

*David Roth,* with him *Elliott W. Finkel,* and *Kaplan, Finkel & Roth,* for appellee.

OPINION BY MR. JUSTICE JONES, January 3, 1956:

Isabel Bailey Stilley, a legatee of Virginia H. Bailey, deceased, and an interested party in the decedent's estate, appeals from a decree of the court below dismissing her petition which prayed that a citation issue directed to Dorothy Schaefer Bailey, executrix of the will of Austin L. Bailey, deceased, to show cause why she should not file a final account for Austin L. Bailey, deceased, as executor of the estate of Virginia H. Bailey.

The learned court below dismissed the petition on the ground that the petitioner had forfeited her right to the relief sought because of laches. The legal conclusion necessarily depends on the established facts: see *Stimson v. Stimson,* 346 Pa. 68, 72, 29 A. 2d 679. In this case, the facts material to a plea of laches appear by the petition and are not disputed by the respondent. They fully justify the decree.

A procedural question was also raised by the appellant under the following circumstances. The hearing judge permitted the respondent to withdraw her answer to the petition more than twenty days after the service of the citation upon her and to file preliminary objections denying the petitioner's right to the relief sought. The petitioner's objection to this procedure was raised by her motion to strike the respondent's preliminary objections to the petition, which motion the court below denied.

The action of the learned hearing judge in this regard was both correct and appropriate. In *Finley's Estate,* 196 Pa. 140, 146, 46 A. 443 (1900), which arose

on a petition for a bill of review, the respondents filed both a demurrer and an answer to the petition. By leave of court, the answer was withdrawn and the case was heard on the petition and demurrer. Mr. Justice MESTREZAT, speaking for this court, said "We see no error in the action of the court in permitting the withdrawal of the appellees' answer and the substitution of the demurrer." The procedure thus endorsed has ever since endured and falls within the discretion of the hearing judge. See Section 2, Rule 1 of the Pennsylvania Orphans' Court Rules, 345 Pa. (lx), which provides that "The court at every stage of any action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties in interest." The filing of an answer to the merits in advance of appropriate preliminary objections is such an error or defect of procedure.

Decree affirmed at the appellant's costs.