## Loose Estate

*Milford J. Meyer* and *Charles H. Weidner*, for petitioner.

*Philip F. Schmehl*, for respondent.

MUTH, P. J., January 6, 1967.—Kramer D. Arnold, administrator of the estate of Howard A. Brown, deceased, has presented his petition alleging that he is a judgment creditor of the estate of Warren L. Loose, deceased, arising out of an action instituted in the United States District Court for the Eastern District of Pennsylvania, wherein a judgment was recovered against the estate of Warren L. Loose in the sum of

$108,900. The judgment was recovered in a proceeding concerning the operation of an automobile by Warren L. Loose, which collided with a vehicle operated by Howard A. Brown on June 22, 1960, on the Warren Street bypass in the City of Reading, Berks County, Pa.

The sum of $51,750, together with costs and interest, was paid on account of the aforementioned judgment by State Farm Mutual Automobile Insurance Company, liability insurer of Warren L. Loose, leaving unpaid balance of $57,150.

Petitioner alleges that the estate of Warren L. Loose has a cause of action against State Farm Mutual Automobile Insurance Company to recover the unpaid balance of the judgment aforementioned, because said insurance company undertook to and did defend the action referred to on behalf of the estate of Warren L. Loose, and in the handling of said defense and in the conduct of the litigation, said insurance company acted in bad faith in the discharge of its obligations to said estate and thereby became liable for the entire amount of the judgment. Petitioner further alleges that he has made demand upon Emily F. Loose, executrix of the estate of Warren L. Loose, deceased, to institute such action, and that she has refused and failed to do so. Wherefore, he requests that a citation issue to her to show cause why she should not institute and prosecute an action upon the cause set forth herein.

Emily F. Loose, executrix of the estate of Warren L. Loose, deceased, has filed preliminary objections to the petition aforementioned, contending that the petition does not set forth sufficient facts upon which it may be determined whether or not the estate of Warren L. Loose, deceased, has a cause of action against State Farm Mutual Automobile Insurance Company. Respondent contends that the averment of bad faith

on the part of the insurance company is not supported by an averment of facts. Emily F. Loose, executrix, also filed an answer to the petition, which answer has been withdrawn. Such withdrawal was proper, since the filing of an answer and preliminary objections at the same time is error: Bailey Estate, 384 Pa. 24.

The preliminary objections of Emily F. Loose, executrix, raise questions of law which are properly presented at this stage of the pleadings: Beringo Will, 10 Fiduc. Rep. 656; Thompson Estate, 10 Fiduc. Rep. 129.

The pleadings and practice in the matter before us are governed by the Supreme Court O. C. rule, section 3, rule 1, providing that pleading and practice in the orphans' court shall conform to the pleading and practice in equity in the local court of common pleas, except where otherwise provided by the Supreme Court rule or Act of Assembly. The sole issue before us is whether petitioner's averment meets the requirement of section 3, rule 4(a)(3) of the Supreme Court Orphans' Court Rules, requiring that a petition set forth "a concise statement of the facts relied upon to justify the relief desired. . . ." Preliminary objections to a petition for citation because of failure to set forth facts have been established as proper practice: Evans Estate, 15 D. & C. 2d 619, 8 Fiduc. Rep. 431.

The issue presented is whether the averment of bad faith in the petition is sufficient, or whether specific facts must be alleged upon which a conclusion of bad faith is maintained. In Frick v. McClelland, 384 Pa. 597, at page 600, the court spoke as follows: "Our Supreme Court has defined 'bad faith' as 'fraud, dishonesty, or corruption.' McNair's Petition, 324 Pa. 456. There is no allegation of facts which, if proved, would constitute bad faith . . . and without such an allegation, there can be no cause of action. . . ."

In Taylor Will, 16 Fiduc. Rep. 142, preliminary ob-

jections to a petition on appeal from probate were sustained for failure to plead the facts and circumstances which would support a charge of undue influence. Similarly, in Porter Estate, 27 D. & C. 2d 101, 12 Fiduc. Rep. 179, preliminary objections to a petition for permission to appeal from an inheritance tax appraisement were sustained for failure to state the grounds on which relief could be granted.

Petitioner relies largely upon Gray v. Nationwide Mutual Insurance Company, 422 Pa. 501. In that case, the Pennsylvania Supreme Court concluded as follows: "Because Nationwide's preliminary objections in the nature of a demurrer were sustained by the trial court, we must assume, for purposes of this appeal, that, as alleged, Nationwide did act in bad faith by refusing to settle with Gray for an amount within the limits of [the] policy". It will be noted that the preliminary objections in the Gray case were not before the court, but the court assumed the existence of bad faith. In the matter before us, the sufficiency of the allegation of bad faith is directly in issue. The petition contains no additional or other averments of fact and, therefore, the averment of the petition stands by itself.

A liability insurer's bad faith in refusing to settle a claim for the policy limit or less must be proven by clear and convincing evidence, and not merely insinuated: Cowden v. Aetna Casualty and Surety Company, 389 Pa. 459. In this case, the bad faith of the insurance carrier was alleged to have arisen out of its refusal to pay its policy limits in a settlement of a proceeding in which the verdict recovered exceeded the policy limits. It was there concluded that the bad faith had not been established.

If bad faith must be proved by evidence which is clear, precise and convincing, and if facts must be alleged in support of a charge of bad faith, then the mere

allegation of bad faith by itself is insufficient. Respondent is not required to answer such petition without being informed what the facts may be upon which an allegation of bad faith is predicated.

We, therefore, make the following

ORDER

And now, January 6, 1967, the preliminary objections of Emily F. Loose, executrix of the estate of Warren L. Loose, deceased, are sustained, and Kramer D. Arnold, administrator of the estate of Howard A. Brown, deceased, petitioner, is granted leave to file an amended petition within 20 days from the date of this order.