## Hewitt v. Shaffer

*T. E. Macurdy, 2d,* for plaintiff.
*Robert M. Carson,* for defendant.

SCULCO, J., November 13, 1972.—This matter is before the court en banc by virtue of preliminary objection filed by defendant, Ronald Shaffer, in the nature of a motion to strike off complaint. The pertinent facts in this matter are as follows.

Plaintiff allegedly purchased from defendant a motor which defendant installed in plaintiff's 1960

Jeep for a total consideration of $264. Plaintiff operated this motor vehicle a very short distance, less than 60 miles, when the motor mechanically failed.

An action was instituted by plaintiff before Squire Anthony Mosso, whereby this justice of the peace, on August 23, 1971, held a hearing on this matter and rendered judgment in favor of defendant. Plaintiff appealed the decision of the justice of the peace in favor of defendant by filing a complaint in the within matter on September 9, 1971. Service of the complaint occurred on September 22, 1971.

On October 14, 1971, defendant filed his preliminary objection in the nature of a motion to strike off complaint, basing his request upon two distinct lines of legal reasoning that: (a) Plaintiff failed to follow the designated procedure required for filing his appeal; and (b) Plaintiff failed to aver sufficiently to establish a cause of action in assumpsit.

On September 22, 1972, defendant filed a praecipe for motion to strike off complaint.

The procedural steps that must be utilized by one who is appealing a judgment rendered by the justice of the peace are well defined. Justices of the Peace, 42 PS Rule 1002, et seq., provides, in part:

"A party aggrieved by a judgment may appeal therefrom within twenty (20) days from the date of the judgment by filing with the prothonotary of the court of common pleas a *notice of appeal* on a form which shall be prescribed by the State Court Administrator." (Italics supplied.)

Rule 1004A provides:

"If the appellant was the claimant in the action before the justice of the peace, he shall file a complaint within twenty (20) days after filing his notice of appeal."

And Rule 1005B provides that:

"The appellant shall file with the prothonotary proof of service of copies of his notice of appeal, . . ."

One's failure to comply with these designated steps is grounds for striking the appeal and is so stated in Pa.R.J.P. 1006:

"Upon failure of the appellant to comply with Rule 1004A or Rule 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record."

Plaintiff did violate the stated procedures for appeal in this matter: Plaintiff neither filed his notice of appeal (Rule 1002) nor filed with the prothonotary proof of service of copies of his notice of appeal (Rule 1005B).

Scrutinizing legal channels other than the rules of procedure also requires this court to favorably view defendant's motion.

The legal issue of whether or not an appeal from the judgment of a justice of the peace should be struck if such appeal is not taken in accordance with statutory provisions has substantial roots in reported cases. See Milton Bank & Safe Dep. Co. v. Beachel, 174 Pa. Superior Ct. 276 (1953), and Culp v. Fewins, 46 D. & C. 2d 461 (1969).

Our sister court in J. A. Williams Company v. Wholesale TV, 50 Wash. Co. 99, at page 101 (1969), states,

"There is a good deal of authority under the old law for the general proposition that an appeal must be taken in accordance with the statutory provisions. Although appeal is now a matter of right . . . it seems to us that the legislators and the courts may prescribe the necessary formalities and techniques . . ."

It is the opinion of this court that the formalities for appeal from a judgment rendered by a justice of the peace are clearly defined. It is further our opinion

that the statutes and the history of reported cases, acting on this very question, clearly indicate the consequences of not following these procedures and the subsequent measure to be taken by this court.

We, therefore, enter the following:

## ORDER OF COURT

And now, to wit, November 13, 1972, after due and careful consideration of the record, defendant's motion and brief, plaintiff's motion and defendant's answer thereto, it is hereby ordered, adjudged and decreed that defendant's preliminary objection in the nature of a motion to strike off complaint is with merit and be and the same hereby is granted.