**In Re Upset Sale of September 8, 1981**

134

*Steven G. Dubin,* for petitioner.
*Alfred D. Breinig, Jr.,* for buyers.
*Edward T. Bresnan,* for Tax Claim Bureau.

AVRIGIAN, *J.,* September 17, 1981—By a petition filed in the prothonotary on January 16, 1981, Louise Byrd sought an order setting aside a sale of her property in East Norriton Township. The property had been sold on September 8, 1980 for $1,068.13 by the Tax Claim Bureau of Montgomery County. The substance of petitioner's complaint was that the county had not complied with the notice requirements of 72 P.S. §5860.

Following the filing of Ms. Byrd's petition, a rule returnable was issued and an answer filed. The case was praeciped for argument on March 12, 1981.

A petition to set aside a sale of this kind is in the nature of a petition to open judgment. Because denial of the petition would amount to a final order, the matter is properly designated as appealable. Montgomery County Rule of Civil Procedure 302(d) requires that the parties docketing appealable motions and petitions must file a supporting brief within 30 days. Failure to file such a brief within the time allowed invites the imposition of sanctions which may include dismissal of the petition: M.C.R.C.P. 302(d)(1).

In the case at bar petitioner neglected to file a brief within 30 days of praecipe. By an order dated May 26, 1981 this court dismissed the case.

Every Court of Common Pleas in the Commonwealth is statutorily empowered to "promulgate and enforce rules of procedure regulating the business before them . . ." Weber v. Lynch, 473 Pa. 599, 605, 375 A. 2d 1278, (1977). And for the past 145 years the legislature has granted Common Pleas Courts the power to adopt such local rules "as the interest of justice or the business of the Court may require." 42 P.S. §323. This authorization has been subject to the judicially imposed requirements that local rules be reasonable, Milton Bank and Safe Deposit Co. v. Beachel, 174 Pa. Superior Ct. 276, 278, 101 A. 2d 142, (1953), and in harmony with existing law: Weber v. Lynch, supra.

The principal criticism which has been leveled at Montgomery County's argument court rules is that they sometimes have the effect of eliminating meritorious claims. The bench is frequently reminded of appellate court admonitions that procedural rules are to be viewed as a means of administering justice, not as ends unto themselves: Pa.R.C.P. 126; Coppage v. Smith, 381 Pa. 400, 113 A. 2d 247 (1955). We are aware of this caveat as well as the powers of courts to suspend rules wherever justice requires it and the parties are not prejudiced: Werts v. Luzerne Borough Authority, 15 Commonwealth Ct. 631, 329 A. 2d 355 (1974) quoting McKay v. Beatty, 348 Pa. 286, 35 A. 2d 264 (1944).

Were it not for the fact that the effective administration of justice implicitly requires that justice be rendered expeditiously, rules like 302(d) would be unnecessary. But given the need for speed in resolving civil disputes and the fact that appealable motions in Montgomery County already take as long as three months to resolve, it is no longer reasonable to allow litigants to file briefs at their leisure.

As for any suggestion that Rule 302(d) is an unconstitutional infringement of a litigant's due process rights or an abuse of the court's rule making power, plaintiff is properly referred to the recent Superior Court rulings in Valley Forge Christian College v. Cote (no. 423 Philadelphia 1980) and Dunham v. Temple University, (nos. 1531-32, 1738 and 1958 Philadelphia 1979). It would appear from these cases that our appellate courts have recognized the need for trial courts to have a docket clearing device similar to Pa.R.A.P. 2188.

We do acknowledge what some have described as a conflict between the Superior Court's affirmation of Rule 302(d) in Valley Forge Christian College v. Cote and the Commonwealth court's opinion in Haney v. Sabia, 648 C.D. 1980. Having reviewed these opinions we are convinced that the supposed conflict is more imagined than real. The test mentioned by Judge Papadino in the Haney case is identical to that applied by the court administrator in his evaluation of whether a 301(d) or 302(d) order should be reconsidered. In both instances, the ultimate question is: "Was an obvious injustice done to the complaining party, and if so, was the reason given for the non-compliance more than the mere inadvertence of counsel?" Id, at 6.

It should also be noted that the problem confronted by the Commonwealth court in the Haney case concerned a misunderstanding as to the effect of a court order allowing 30 days for the taking of depositions upon the brief filing requirements of Rule 302(d). There is no such problem in the case at bar. Accordingly, we refer this case to the Commonwealth court with the request that this court's order of May 26, 1980 dismissing petitioner's request for judicial relief be affirmed.