499 A.2d 626

**Dorothy A. CROOKES**

v.

**James S. CROOKES, Appellant.**

Superior Court of Pennsylvania.

Submitted June 18, 1985.

Filed Oct. 4, 1985.

---

Richard J. Shiroff, Easton, for appellant.

Bernard V. O'Hare, Jr., Bethlehem, for appellee.

Before MONTEMURO, POPOVICH and WATKINS, JJ.

POPOVICH, Judge:

This is an appeal from the order dated March 20, 1984, of the Court of Common Pleas of Northampton County, granting a divorce to the plaintiff, Dorothy A. Crookes. We reverse.

On April 19, 1982, the plaintiff filed a complaint seeking a divorce from the defendant, James S. Crookes.

The complaint contained a standard notice to defend clause, with a caveat that if the defendant did not file a request for, *inter alia*, "marital property", he might "lose the right to claim" it.

The divorce complaint was divided into five counts. The first count alleged that the parties had lived separate and apart "since Monday, October 26, 1981, and the marriage [was] irretrievably broken." (Paragraph 5) The second averred that the defendant "offered such indignities to . . . the Plaintiff . . . to render her condition intolerable and her life burdensome." (Paragraph 9) Count three sought alimony pendente lite, counsel fees and costs incidental to the litigation. The fourth count requested an award of permanent alimony following the divorce. In the last count, the plaintiff requested that "the Court equitably divide, distribute, and assign the marital property between Plaintiff and Defendant in such proportions as the Court deem[ed] just upon considering all of the relevant factors." (Paragraph 20)

Service of the complaint was effectuated on the defendant by certified mail with return receipt dated April 26, 1982.

The next matter of interest we find relevant to the instant discussion concerns a copy of the plaintiff's affidavit submitted pursuant to the dictates of Section 201(d) of the Divorce Code.[1] The affidavit reads:

1. The Act of April 2, 1980, P.L. 63, No. 26, § 201. Section 201(d) provides:
   (d)(1) It shall be lawful for the court to grant a divorce where a party has filed a complaint and an affidavit alleging that the parties have lived separate and apart for a period of at least three years, and that the marriage is irretrievably broken, and:
   (i) the respondent does not deny the allegations set forth in the affidavit; or
   (ii) the respondent denies one or more of the allegations set forth in the affidavit, but after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least three years and that the marriage is irretrievably broken.
   23 P.S. § 201.

## PLAINTIFF'S AFFIDAVIT UNDER SECTION 201 D OF THE DIVORCE CODE

1. The parties to this action have lived separate and apart under Section 201 D of the Divorce Code since on or about May 1, 1979 and have continued to live separate and apart since that time.

2. The marriage is irretrievably broken.

3. I understand that I may lose rights concerning alimony, division of property, lawyer's fees or expenses if I do not claim them before a divorce is granted.

4. I verify that the statements made in this affidavit are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. 4904 relating to unsworn falsification to authorities.

DATE: 8–13–83

/s/ Dorothy A. Crookes
DOROTHY A. CROOKES

In accordance with the then applicable Pa.R.Civ.P. 1920.-4(c), which is now found in substantially the same form at Pa.R.Civ.P. 1920.4(c)(1) (1985 version), proof of service of the Section 201(d) document was averred as having occurred by mail on the 5th of August, 1983 at the defendant's residence. His attorneys at the time were also duly notified, according to the certification of service by counsel for the plaintiff.

Interestingly, because of the continuation of the present divorce action in August of 1983, Pa.R.Civ.P. 1920.73, which became effective on July 1, 1983, was "appl[icable] to actions then pending." (See 1985 version of Rule under the "Effective Date and Application" legend) The awareness of the applicability of Rule 1920.73 by counsel for the plaintiff is evident from his completion of a "Praecipe To

Transmit Record" in the form identical to that set forth in the Rule;[2] viz.:

To the Prothonotary:

Transmit the record, together with the following information, to the Court for entry of a divorce decree:

1. Ground for divorce: irretrievable breakdown under Section (210(e)) (201(d)(1) of the Divorce Code. (Strike out inapplicable section.)

2. Date and manner of service of the complaint: <u>Service made by certified mail on April 26, 1982.</u>

3. (Complete either paragraph (a) or (b).)

(a) Date of execution of the affidavit of consent required by Section 201(c) of the Divorce Code: by plaintiff _____; by defendant _____.

(b)(1) Date of execution of the plaintiff's affidavit required by Section 201(d) of the Divorce Code: <u>August 3, 1983;</u>

(2) Date of service of the plaintiff's affidavit upon the defendant: <u>August 5, 1983.</u>

4. Related claims pending: <u>None</u>

5. ...

/s/ <u>Bernard V. O'Hare</u>
Bernard V. O'Hare,
Esquire
Attorney for <u>Plaintiff</u>
I.D. No. <u>07884</u>

(Interlineation in original)

Sequentially, the next document to appear of record is the March 20, 1984 order of Judge Richard D. Grifo declaring that the plaintiff and defendant were divorced. Also, in the second paragraph of the March 20th order, the Judge wrote the word, "None" after the verbiage:

The court retains jurisdiction of the following claims which have been raised of record in this action for which a final order has not yet been entered: <u>None</u>.

2. It may be, however, that the Rule 1920.73 form was supplied by the Clerk of Courts of the Common Pleas Court, given its appearance of standardization.

This appeal followed. Curiously enough, it was not until the appeal was perfected that counsel for the defendant/appellant finally presented a petition for equitable distribution to the Clerk of Courts of Northampton County. It was filed April 27, 1984.

Counsel for the defendant argues that his client was never notified of the pendency of any motion ("praecipe") before the trial court. Therefore, he continues, "[i]t is the position of the Appellant that he and present counsel failed to receive notice pursuant to the local rule of the Northampton County Court [3] pertaining to ex parte orders, and further that no opportunity was provided to be heard pursuant to the tenets of *Wolk v. Wolk,* [318] Pa.Super. [311], 464 A.2d 1359 (1983). Further, and finally, the Court was without jurisdiction to enter a Final Decree pursuant to Section 201(d) of the 1980 Divorce Code, as there was no separation for the requisite three (3) years, despite Plaintiff's statement in her Complaint to the contrary." (Appellant's Brief at 5)

We respond first to the notice called for by a local rule of court, whereby a party is required to give opposing counsel advance notice of his intention to act, which was not done here by the plaintiff in filing a praecipe for transmittal of the record to the trial court.

3. The Rule appears in the appellant's brief at 7 and reads:
   MOTIONS AND RULES. NOTICE OF INTENT TO PRESENT.
   Motions and petitions which request a definitive order or decree and which are not governed by any other statute or rule of court may be presented to the appropriate Motion Judge in Motions Court only after a copy of the motion or petition and the proposed order of court have been given to adverse parties or their attorneys at least three (3) [*] days prior to the intended date of presentation. Notice of the time and place of presentation must accompany the copy of the motion or petition.
   For purposes of this rule, a rule to show cause will not be considered a definitive order or decree unless it contains a stay of proceedings. If a rule contains a stay of proceedings, the notice requirements of this rule must be met before presentation will be permitted by the Court.
   * Later on in the appellant's brief he states that the time frame for such advance notice is five (5) days, an obvious inconsistency. Nonetheless, regardless of what amount of time is fixed in the local rule as to notice, the result we reach is not altered.

As is conceded by counsel for the defendant, by his citation of *Garlesky v. Garlesky*, 20 D. & C.3d 232 (Somerset Cty.1981), no appellate court in this Commonwealth has dealt with this specific issue regarding the consequences of one's failure to adhere to local rules of court regarding notice.

We start our inquiry with an examination of the Judicial Code. In particular, we look to 42 Pa.C.S.A. § 323, which reads:

> Every court shall have power to issue, under its judicial seal, every lawful writ and process necessary or suitable for the exercise of its jurisdiction and for the enforcement of any order which it may make and all legal and equitable powers required for or incidental to the exercise of its jurisdiction, and, except as otherwise prescribed by general rules, every court shall have power to make such rules and orders of court as the interest of justice or the business of the court may require.

The Act of July 9, 1976, P.L. 586, No. 142, § 2, effective June 27, 1978. Our Supreme Court has interpreted the phrase, "except as otherwise prescribed by general rules" to mean that local court rules must be consistent with and shall not conflict with the Pennsylvania Rules of Civil Procedure. *Byard F. Brogan v. Holmes Electric Protective Co.*, 501 Pa. 234, 460 A.2d 1093 (1983).

Accordingly, consistent with the dictates of Section 323 and our Supreme Court on the subject of the rights of the Courts of Common Pleas to make and promulgate local rules of procedure, the absence of any contrary language in the Pennsylvania Rules of Civil Procedure on the matter under scrutiny here affords each of the County Courts in this Commonwealth with the opportunity to exercise its power to enact rules "as the interest of justice or business of the court may require" in the divorce area. This is exactly what has happened in the case of Northampton County.[4]

---

4. The requirement of advance notice, to the opposing party, prior to seeking a final decree in divorce exists in the rules of divorce of the

322

Therefore, we note that counsel for the appellant has strayed afield somewhat in pointing to a general rule of court of Northampton County, cited in footnote 3, to buttress his claim that Mr. Crookes was denied procedural due process by not receiving prior notice of the filing of the praecipe seeking a final decree in divorce from Mrs. Crookes.

To explicate, on January 26, 1981, the President Judge (Alfred T. Williams, Jr.) of Northampton County Court of Common Pleas ordered and decreed the adoption of Rules of Civil Procedure governing divorce. The Rules became effective February 2, 1981. Of particular interest to us is Rule N1920.42, which reads:

**Rule N1920.42. Motion and Final Decree under Sections 201(c) or 201(d).**

In all cases involving uncontested divorce claims as discussed in Rule 1920.42(a) and (b), whether or not other claims remain at issue or unresolved, *either party may file a motion requesting the entry of a final decree in divorce. The form of motion* is attached to these rules and *shall contain* a copy of the docket entries, certified by either the Clerk or counsel for the moving party; the original affidavits required by Rules 1920.42 and 1920.-

following Common Pleas Courts: 1) Berks County Divorce Rule 280 (Ten days); 2) Bucks County Divorce Rule 1920.42*(e) (Ten days); and 3) Westmoreland County Divorce Rule W1920.42(4) (Ten days). *See* 15 Pennsylvania Bulletin 1734 (1985); 11 Pennsylvania Bulletin 335, 1310 (1981).

In Somerset County, the court determined that the local rules governing motions and petitions practice encompassed the securement of a divorce. Thus, it "formally prescribe[d] a ten day prior notice of presentation of a motion for a divorce decree under section 201(d)(1)(i) as a rule of court...." *Garlesky v. Garlesky,* 20 D. & C.3d 232, 239 (1981).

None of the other Common Pleas Courts requires such prior notice. Of interest, however, is the practice in Allegheny County. There a Section 201(d) divorce triggers the requirement that, where the defendant has not filed a responsive pleading within twenty (20) days of the filing of the affidavit by the plaintiff, the plaintiff has to mail or otherwise deliver to the defendant a "Court Notice" giving the defendant twenty (20) additional days in which to deny the allegations. Rule 1920.42(a)*3(A). Under paragraph (B) of the aforecited Rule no prior notice need be given when seeking a final decree by praecipe.

72(b) or (c); *the proposed divorce decree, including when appropriate*, a copy of any pre-nuptial or post-nuptial agreement to be incorporated by reference in said decree; the completed form required by the Commonwealth of Pennsylvania, Department of Health, Bureau of Vital Statistics, a certificate of service of the counseling notice required by Rule N1920.45(a); and, *as to a divorce claim under Section 201(d), a certificate of mailing of notice of intention to present the motion for a divorce decree at least five days prior to the date of filing the motion.*

The motion and accompanying documents shall be filed with the Clerk, who shall docket the motion and forward the entire file to the Motion Judge. The Court, upon review, shall enter a decree in divorce, or refer any claims remaining at issue to a master.

11 Pennsylvania Bulletin 721 (1981) (Emphasis added).

No less relevant to our inquiry is Rule N1920.42(a). It provides:

**Rule N1920.42(a). Form of Motion for Divorce Decree.**

(Caption)

MOTION FOR DIVORCE DECREE

AND NOW, _____, 19__, _____, Esquire, counsel, for _____, moves the Court to enter a final decree of divorce pursuant to Section 201(c) [201(d)] of the Divorce Code.

Attached hereto and presented to the Court in support of this Motion are:

(1) A copy of the docket entries, certified by counsel [or by the Clerk of Courts—Civil] to be a true and correct copy of the original docket entries;

(2) The original Affidavits of Consent, executed and dated by the parties at least ninety (90) days after the date of the filing of the divorce complaint, pursuant to Rule 1920.42 and 1920.72(b) [to be inserted in a 201(c) divorce only];

(3) the original proposed divorce decree [including a copy of the pre-nuptial or post-nuptial agreement, which is requested to be incorporated by reference in said decree];

(4) The completed form required by the Commonwealth of Pennsylvania, Department of Health, Bureau of Vital Statistics;

(5) A certificate of service of the counseling notice required by Rule N1920.45(a); and

*(6) A certificate of mailing of the notice of intention to present the motion for divorce decree and a copy of said notice [in a Section 201(d) divorce only].*

WHEREFORE, the _____ respectfully requests the Court to enter a final decree in divorce.

_____

Attorney for _____

I.D. No. _____

11 Pennsylvania Bulletin 724 (1981) (Emphasis added).

Based on the preceding, we are confronted with a procedural format requiring the submission of a certification of a mailing notice to an opposing party by a party requesting entry of a final decree in divorce under Section 201(d). In addition, the certification of mailing of the "notice of intention to present the motion for divorce decree and a copy of said notice" is to be included in the Motion For Divorce Decree filed with the trial court.

■ Our examination of the instant record indicates that the 5-day notice requirement of Rule N1920.42 was not satisfied. Nor, as a consequence, was certification of the notice to seek a divorce decree included in the papers presented to the trial court, as is required by Rule N1920.-42(a)(6).

On the point at issue, our Supreme Court has spoken quite emphatically in denouncing the non-compliance with local rules of court; to-wit:

Rules promulgated by the courts for the conduct of their business are of course intended to be followed and not

flaunted or ignored, and in a proper case, when the rights of parties depend upon observance of a rule, we insist upon such observance and will often reverse because a rule has been disregarded. *Brennan's Estate,* 65 Pa. [ (15 Smith) ] 16 (1870); Cf. *Bailey Estate,* 384 Pa. 24, 119 A.2d 234 (1956).

*In re Estate of Morrissey,* 440 Pa. 439, 443, 269 A.2d 662, 665 (1970). Further, as was observed by the same Court, "[t]hese rules [of court], made for the orderly administration of justice should not be lightly ignored." *Wood v. Garrett,* 353 Pa. 631, 637, 46 A.2d 321, 323 (1946). *Accord Grossman v. Mitchell,* 291 Pa.Super. 385, 389, 435 A.2d 1280, 1282 (1981).

Instantly, the record certified to the trial court failed to include *all* the documents called for under its own Rules of Civil Procedure dealing with divorce. Thus, from our review of the record, it was error for the trial court to conclude in its May 21, 1984 order that the "no-fault divorce was presented to [it] pursuant to Pennsylvania Rule of Civil Procedure 1920.42(a)(1), (3)[sic—(2) ]." In other words, the deficiency in the documents presented to the trial court, i.e., no certification of a 5-day notice to the defendant—by the plaintiff—that a final decree in divorce was to be sought, should have put it on notice that Rules N1920.42 and N1920.42(a)(6) were not met. Therefore, the request for a final divorce was entered on an incomplete record.

■ Moreover, since the rules of Northampton County covering divorce are reasonable, and, in the absence of a "most compelling reason" dictating otherwise (*Milton Bank & Safe Deposit Co. v. Beachel,* 174 Pa.Super. 276, 101 A.2d 142 (1953)), we see no justification to uphold the action of the court below.

It is readily apparent from our survey that, of the divorce procedures in the various Courts of Common Pleas, a lack of uniformity is the rule rather than the exception when it comes to requiring the moving party to give opposing counsel advance notice of his intention to file a motion seeking a final decree in divorce pursuant to Section 201(d).

We find the present scenario to be reminiscent of the disparate practice among the Courts of Common Pleas prior to the adoption of Pa.R.Civ.P. 237.1, which made uniform a ten-day notice to opposing counsel that the entry of a default judgment would be sought at the end of the time stated. The impetus for the rule change came at the behest of this Court in *Silverman v. Polis*, 230 Pa.Super. 366, 326 A.2d 452 (1974).

Although in *Silverman* advance notice was not given because there was no such legal prerequisite (whereas here the local rule specifically stated otherwise) we believe that the salutary features for the promulgation of Rule 237.1 are present instantly, i.e., "it is patently obvious that attempts to utilize every niggling procedural point for maximum advantage demean the legal profession, reducing its procedures to a vulgar scramble." 230 Pa.Super. at 371, 326 A.2d at 454–455. Uniformity of expression on the rules governing divorce can only foster consistency, harmony and avoidance of "a vulgar scramble" in the administration of the Divorce Code of 1980 in this Commonwealth.

Therefore, as we did in *Silverman*, we deem it appropriate that The Civil Procedural Rules Committee expeditiously incorporate into Pa.R.Civ.P. 1920.42 a provision requiring notice to opposing counsel prior to the filing of a motion seeking a Section 201(d) final decree in divorce.

It may be stating the obvious, but a similar notice requirement is dispensed with in an action for divorce under Section 201(c) since, ninety days after the filing of the complaint, an "affidavit has [to] be[ ] filed by each of the parties evidencing that each of the parties consents to the divorce." 23 P.S. § 201(c); Pa.R.Civ.P. 1920.72. This dual cognizance, on the part of the litigants, is not as readily apparent under the rules governing a Section 201(d) divorce.

Order reversed. Jurisdiction relinquished.

MONTEMURO, J., files a concurring opinion.

MONTEMURO, Judge, concurring:

The majority holds that since the local divorce rules of Northampton County were not followed by the appellee, the order granting a divorce should be reversed. I agree.

I write separately to indicate that rather than entering a blanket order of reversal, I would also remand with instructions.

First, I would instruct the trial court to permit the parties to proceed in accordance with Northampton Local Rule N. 1920.42.

Secondly, in appellee's complaint, she alleges "Plaintiff and Defendant are the owners of marital property as that term is defined in the Divorce Code of 1980." (See Paragraph 20 of Plaintiff's Complaint). Therefore, appellant has at least a colorable claim concerning equitable distribution of marital property.

Although appellant's brief states that the real estate is titled in appellee's name, he contends that he contributed to the increase in value of the property and made the mortgage payments. Thus, I would further instruct the court to provide an evidentiary hearing concerning the equitable distribution of marital property.