## Caler v. Caler

*Janet Conser,* for plaintiff.
*Barry J. Chromey,* for defendant.

PODCASY, *J.,* June 12, 1986—This is an action in divorce which was commenced by the filing of a complaint on November 15, 1985.The complaint sought entry of a decree in divorce on the alterna-

tive grounds of section 201(c) and 201(d) of the Divorce Code, and was accompanied by a section 201(d) affidavit alleging that the parties had lived separate and apart for a period of at least three years. Both the complaint and the affidavit were served on defendant on November 15, 1985.

On December 13, 1985, 29 days after the date of service of the complaint and accompanying section 201(d) affidavit, no appearance having been entered by or on behalf of defendant and no answer to the complaint or counter-affidavit to plaintiff's section 201(d) affidavit having been filed, plaintiff's counsel filed a praecipe to transmit the record for entry of a decree in divorce, and a decree was entered pursuant thereto on December 17, 1985.

On January 15, 1986, 29 days after entry of the decree in divorce, defendant filed a petition to open the decree, and a rule was entered thereon requiring plaintiff to show cause why the relief prayed for should not be granted. On the same day, defendant filed a counter-affidavit to plaintiff's section 201(d) affidavit.

The rule to show cause, originally returnable to January 21, 1986, was actually heard on January 30, 1986, hearing thereon having been continued at the request of plaintiff's counsel, who had received no copy of either the petition and rule or the brief submitted in support thereof.

Following the hearing of January 30, 1986, the parties were afforded an opportunity to settle their differences, and, no settlement thereof having been effected, the following order was entered on June 12, 1986:

"Now, this June 12, 1986, and upon consideration of defendant's petition to open divorce decree and opportunity for argument by both plaintiff and defendant, defendant's petition to open divorce de-

cree is denied. It is further ordered that defendant's claim for equitable distribution of marital property and alimony is preserved and in the event that the parties cannot amicably resolve this matter a special master shall be appointed to make a determination of the claim for alimony and division of marital property."

On July 11, 1986, defendant appealed to the Superior Court, and this opinion is now supplied in order to make clear the reasons for entry of the order appealed from.

Defendant raises several points in her petition to open, as follows:

"(1) that she was given no notice of plaintiff's intention to file a praecipe for transmittal of the record for entry of a decree in divorce;

"(2) that the record does not include an affidavit by plaintiff to the effect that he was aware of his right to seek marital counseling;

"(3) that the record does not include a certification by plaintiff that both parties were apprised of their right to request such counseling; and

"(4) that the record does not include a completed vital statistics form."

We shall deal with these matters in the order in which they are presented. Section 201(d)(1) provides as follows:

"It shall be lawful for the court to grant a divorce where a complaint has been filed alleging that the parties have lived separate and apart for a period of at least three years, and that the marriage is irretrievably broken; and (1) the respondent does not deny the allegations set forth in the affidavit. . . ."

Pa.R.C.P. 1920.14, promulgated in implementation of the provisions of section 201(d) of the Divorce Code, provides as follows:

"(b) The averments of the affidavit under section

201(d) of the Divorce Code shall be deemed admitted unless denied by counter-affidavit."

Pa.R.C.P. 1920.42, also promulgated in implementation of section 201(d), goes on to provide as follows:

"(a) If a complaint has been filed requesting a divorce on the ground of irretrievable breakdown and . . . (2) plaintiff has filed an affidavit under section 201(d) of the Divorce Code substantially in the form prescribed by rule 1920.72(c), the averments of which defendant has admitted or failed to deny, the prothonotary on praecipe in the form prescribed by rule 1920.73 shall transmit the record to the court, which shall review the record and enter an appropriate decree."

Pa.R.C.P. 1920.72(c) sets forth the form to be followed in drafting of the required section 201(d) affidavit. In essence, the affidavit is required to contain a notice to defendant that if he or she wishes to deny the averments of the affidavit, a counter-affidavit must be filed within 20 days after service of the affidavit, and that failure to file such a counter-affidavit within the 20-day period will constitute an admission of the statements contained in the affidavit. The affidavit itself is to contain an averment that the parties separated on a certain date and have continued to live separate and apart for a period of at least three years and that the marriage is irretrievably broken.

Nowhere in the Supreme Court Rules of Civil Procedure relating to actions in divorce is there any requirement that a separate notice be sent to a defendant by a plaintiff who is about to file a praecipe for transmittal of the record to the court for entry of a decree in divorce under section 201(d).

Defendant contends that the fact that Pa.R.C.P. 1920.41 provides that no judgment may be entered

by default or on the pleadings precludes the entry of a decree in divorce in instances where 20 days have elapsed following service of a complaint in divorce and an accompanying section 201(d) affidavit without any appearance being entered or counter-affidavit filed by defendant.

Defendant points to the provisions of Pa.R.C.P. 1920.1 to the effect that, except as otherwise provided in the rules relating to actions in divorce, the procedure shall be in accordance with the rules relating to civil actions generally, and to the provisions of Pa.R.C.P. 237.1 relating to notice of intention to file a praecipe for entry of default judgment, and contends that the effect of these two rules is to preclude entry of a decree in divorce by the court based on the failure of a defendant to file the counter-affidavit required by Pa.R.C.P. 1920.14. We disagree, for several reasons.

It is our opinion that a "judgment by default," as that phrase is used in Pa.R.C.P. 1920.41 and Pa.R.C.P. 237.1, pertains solely to entry of judgment *by the prothonotary,* and that rules relating to the procedure to be followed in reference to entry of judgments by default have no application whatever to the case before us.

Pa.R.C.P. 1920.41, precluding entry of judgment by default in divorce actions, is followed immediately by Pa.R.C.P. 1920.42, which specifically provides for the entry of a decree in divorce by the court upon presentation of a file in which a complaint and accompanying section 201(d) affidavit have been filed and served and in which defendant has failed to enter an appearance or file a counter-affidavit within 20 days after service. To contend that the language of Pa.R.C.P. 1920.41 completely invalidates the procedure specified in the ensuing Pa.R.C.P. 1920.42 in reference to section 201(d) divorces is to contend

that the Supreme Court intended an absurd result, which was surely not the case.

Entry of judgment by the court is not the entry of "judgment of default" contemplated by either Pa.R.C.P. 1920.41 or Pa.R.C.P. 237.1. The language of Pa.R.C.P. 237.1 makes this crystal clear. The rule reads as follows:

"(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe.

". . . (b) *This rule does not apply to . . . judgment entered pursuant to an order of court . . .*" (emphasis added).

Nothing could be clearer than the language of subsection (b) of Pa.R.C.P. 237.1, and therefore, in the absence of any local rule mandating notice requirements not contained in the Supreme Court rules, we find no merit in defendant's contention that entry of the decree in divorce was invalid by reason of plaintiff's failure to notify defendant of his intention to file a praecipe to have the file transmitted to the court for entry of an appropriate decree. *Crookes v. Crookes,* 346 Pa. Super. 315, 499 A.2d 626 (1985).

Defendant's second point is that the record does not include an affidavit by plaintiff to the effect that he was aware of his right to seek marital counseling. This point is devoid of merit, for, despite an obvious scrivener's error in the use of the word "defendant" when the second word "plaintiff" should appear, the averment of paragraph six of plaintiff's complaint to the effect that "plaintiff has been advised of the

availability of counseling . . ." fully meets the requirements of Pa.R.C.P. 1920.45 that, when counseling is provided for in the Divorce Code, the parties shall be notified of the availability of counseling as prescribed by rules 1920.12(a)(8) and 1920.71. The language of paragraph six of the complaint is substantially that required by Pa.R.C.P. 1920.12(a)(8), and fulfills the requirement of local rule 1920.45(d)(1) that an affidavit be filed with the complaint indicating that plaintiff is aware of the availability of marriage counseling as provided for in section 202 of the Divorce Code.

Defendant's third point is that the record does not include a "certification by plaintiff that both parties were apprised of their rights to request counseling."

No such certification is required by the rules of court applicable to actions in divorce. It is clear from the record, upon examination of paragraph six of the complaint and upon examination of the notice to defend included as part of the complaint, that both parties were properly advised of their rights on the matter of access to a court-appointed marriage counselor.

Defendant's fourth and final point is that the record does not include a completed vital statistics form.

This point is without merit for the reason that no record ever contains a completed vital statistics form once the decree in divorce is filed in the office of the prothonotary. Such forms are sent by the prothonotary to the Pennsylvania Department of Health, and are never retained as part of a divorce file. No decree would have been entered unless the required vital statistics form were part of the file when it was delivered to the court. This is standard operating procedure. The fact that the form is not of record in the file is wholly irrelevant, as no record is

ever made in the prothonotary's office of the presentation of forms which are required to be filed, not in that office, but in the office of the Department of Health.

In view of the above, it is clear that there was no procedural defect in reference to entry of the decree in divorce in this instance. Defendant failed to enter an appearance or file a counter-affidavit to plaintiff's section 201(d) affidavit within the required 20-day period after service, and plaintiff was therefore entitled to entry of a decree in divorce based on the record presented to the court.

Section 602 of the divorce code provides that a motion to open a decree in divorce may be made within 30 days after entry of the decree, and that such a motion may lie only where it is alleged that the decree was procured by intrinsic fraud or that there is "new evidence" relating to the cause of action which will sustain the attack upon its validity.

The motion to open in this instance was filed within the required 30-day period, but there is no indication whatever that the decree was procured by "intrinsic fraud" or any "new" evidence relating to the cause of action. The facts which were averred in the petition to open and expounded to the court in the course of the hearing of January 30, 1986, relate to matters which are not in any sense "new." Nevertheless, in the interests of justice to both parties, 'and to mitigate prejudice to defendant, the court, on its own motion, and in exercise of its sound discretion, ordered that the decree be opened to the extent of affording defendant the opportunity to litigate any claims she may have for alimony and/or equitable distribution of marital property, thus in effect granting a partial bifurcation as to those two issues. That being the case, we are of the opinion that defendant has no reasonable ground to

complain of the court's action. Defendant has been granted more than the averments of her petition entitle her to under the applicable rules of court, there being no satisfactory explanation for her failure to file the counter-affidavit required by Pa.R.C.P. 1920.14 within 20 days after service of the complaint and section 201(d) affidavit.

Our order in reference hereto has already been entered, dated June 12, 1986.