## Cesario v. Morris

*Dennis V. Williams,* for plaintiff.
*Gary Skiba,* for defendant.

LEVIN, *J.,* January 6, 1987—The present matter is before the court on preliminary objections filed to plaintiff's complaint, which preliminary objections contained a motion to strike. Originally, this action was initiated by plaintiff at the district justice level. The amount in controversy was $634.92. There was a hearing in this case before District Justice Saxton on September 16, 1986, at which time he entered judgment for defendant. Plaintiff never filed any notice of appeal to the entry of this judgment such as prescribed by Pa.R.C.P.D.J. 1002. In addition, plaintiff never filed any proof of service or copies of

notices of his appeal as prescribed by PaR.C.P.D.J. 1005B. Instead, plaintiff filed the present complaint against defendant on October 15, 1986, based on the same set of facts on which District Justice Saxton had entered judgment. This complaint was served on defendant on October 30, 1986. The aforementioned complaint of plaintiff in no way mentions the action taken at the district justice level, as a result of the hearing on September 16, 1986.

The issues before this court are relatively simple.

(1) If an appeal is taken from a district justice judgment, would failure to file proof of service as required by Pa.R.C.P.D.J. 1005B from the district justice ruling constitute a fatal defect?

(2) Is filing of a complaint after entry of judgment by the district justice in favor of defendant a legal substitute for filing notice of appeal from a district justice's entry of judgment?

The second issue is easily disposed of and has been discussed in other cases. The Rules of Civil Procedure themselves have a specific section dealing with liberal construction. The subject rule is:

"Rule 126. Liberal Construction & Applications of Rules.

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

In addition, applying said rule, the Pennsylvania Superior Court has in the past interpreted Pa.R.C.P.D.J. 1005B in *Quarato v. Facelifters*, 305 Pa. Super. 536, 451 A.2d 777 (1982). In that case no

proof of service was filed within the five-day period as required by Pa.R.C.P.D.J. 1005B. The court therein indicated that they were not concerned with technical errors. Rather, they felt the real question was whether or not the appellees received notice that the appeal had been taken.

Hence, the court reaches the inescapable conclusion that the failure to file proof of service in most cases has no legal implication.[1] Thus, the court in rendering this decision disregards plaintiff's failure to file proof of service.

The first issue, however, presents a much more complex question. Admittedly, filing of a complaint does put defendant on notice of a claim. On the other hand, the complaint in question contains no allegation directly or indirectly that the complaint constitutes an appeal of a district justice decision. In fact, it does not even mention the judgment that had been entered in this matter by the district justice.

In essence, this problem was completely discussed in the case of *Thomas L. Hewitt v. Ronald Shaffer,* 54 West. 235 (1972). There, the court ruled that the failure of plaintiff to file notice of appeal in the prothonotary's office from a judgment entered by a district justice in accordance with Pa.R.C.P.D.J. 1002B would be grounds for striking off the complaint. In that case, the court cited *J. A. Williams Company v. Wholesale TV,* 50 Washington Reports 99 (1969), which ruled as follows:

"There is a good deal of authority under the old law for the general proposition that an appeal must be taken in accordance with the statutory provision. Although appeal is now a matter of right . . . it

---

1. This statement, unless prejudice is shown, constitutes a general rule of law. Here, no prejudice has been shown.

seems to us that the legislators and the courts may prescribe the necessary formalities and techniques." Id. at 101.

As much as the court might like to aid defendant in this matter, it cannot do so. The court must require parties to follow rules of court unless there is a compelling reason to do otherwise. See *Milton Bank and Safe Deposit Co. v. E. B. Beachel, Appellant,* 174 Pa. Super. 276, 101 A.2d 142 (1953). Here, there is no such compelling reason to allow avoidance of the rule. To the contrary, there is more compelling reason to require compliance with the rule. Compliance is necessary to prevent different rulings on the same case after the matter has been previously decided by a court and that ruling was not appealed.

An appeal of this type is similar to an appeal from a decision of this court to an appellate court. In such a scenario to perfect an appeal, the notice of appeal must be filed in conformity with every minute detail required by the Pennsylvania Rules of Civil Procedure.

Since the time period for appeal has expired, the doctrine of res adjudicata applies and the judgment for defendant must stand. With this in mind, the court cannot apply the liberal rules of construction as enunciated in *Urban v. Urban,* 332 Pa. Super. 373, 481 A.2d 662 (1984) to aid plaintiff's counsel.

With great reluctance, the court must sustain defendant's preliminary objections in the nature of a motion to strike plaintiff's complaint with prejudice.

## ORDER

And now, this January 6, 1987, it is hereby ordered, adjudged and decreed that the motion to strike filed by defendant is hereby granted and plaintiff's complaint is dismissed with prejudice.