522 A.2d 1133

**Donald E. CREACH, Appellant,**

v.

**Ellen CREACH.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1986.

Filed March 19, 1987.

Nicholas H. Krayer, III, Beaver, for appellant.

Ahmed Aziz, Assistant District Attorney, Sewickley, for appellee.

Before CIRILLO, President Judge, and ROWLEY and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Court of Common Pleas of Beaver County vacating a decree in divorce entered

in favor of the plaintiff/appellant, Donald E. Creach. We affirm.

On October 6, 1980, the plaintiff filed a complaint in divorce alleging indignities and irretrievable breakdown of the marriage as the grounds for the divorce. See 23 P.S. § 201(a)(6) & (c). The complaint was served on the defendant by certified mail, return receipt requested. However, the defendant did not file an answer nor enter an appearance by way of counsel. In fact, except for two objections to terminate the case for inactivity in 1983 and 1985, the case lay dormant until 1986.

Present counsel for the plaintiff filed an appearance dated March 21, 1986, and at the same time an affidavit under 23 P.S. § 201(d), alleging the parties had lived separate and apart for a period of more than three years, was submitted to the prothonotary. At the end of the document, an affidavit of service by first class mail upon the defendant was executed by the plaintiff's attorney.

With the defendant's failure to file a counter-affidavit within twenty days after service of the affidavit (notice of which was included therein), the plaintiff filed and served on the defendant a Praecipe to Transmit the record to the court for entry of a divorce decree. No objections were filed, and the court entered a divorce decree on April 21, 1986.

On April 23, 1986, counsel for the defendant filed a counterclaim seeking (1) a divorce on grounds of indignities and that the marriage was irretrievably broken, (2) property (which included a pension to be equitably distributed), (3) alimony, (4) counsel fees and (5) costs. Further, the defendant's counsel filed a petition to vacate the divorce decree asserting that (1) the complaint, relying on 23 P.S. § 201(a)(6) & (c) as the basis for the divorce, was never amended (by the mere submission of the § 201(d) affidavit) to allege other grounds, and (2) the plaintiff's failure to offer evidence of indignities pursuant to § 201(a)(6) or the presentment of consents under § 201(c) required a vacation of the decree.

A rule was issued and an answer was filed by the plaintiff. On May 22, 1986, the court vacated its April 21, 1986, divorce decree. This appeal followed.

Of the two issues raised for our consideration, neither has received appellate consideration. The first charges the commission of error on the part of the trial court in concluding that a complaint seeking a divorce on traditional fault grounds (§ 201(c)) cannot be converted into a no-fault (§ 201(d)) cause of action by the presentment of an affidavit to that effect, advancing the argument that anything less than a formal "amendment" to the complaint falls short of the mark and constitutes a fundamental defect apparent from the record warranting a vacation of the divorce decree.

Under the law in effect at the time of the commencement of the instant action, a divorce was (and still is) to be secured in accordance with the Rules of Civil Procedure relating to a civil action. Rule 1920.2. Thus, in the complaint filed with the prothonotary (Rule 1920.3), the plaintiff may state one or more grounds for divorce (Rule 1920.13), e.g., an action under § 201(a)(6), (c) or (d) of the Divorce Code. Rule 1920.12.

Regardless of whether the action in divorce is under § 201(c) or (d), a notice to defend must appear in the form prescribed by Rule 1920.71. The only variation between the form in existence in October of 1980 and the present, amended version (which took effect in July of 1983) is that the recipient be informed of the opportunity to request marriage counseling when indignities or irretrievable breakdown of the marriage is alleged as the ground for divorce. Except for the marriage counseling verbiage, the plaintiff's 1980 notice to defend was similar to the present version.

As for the content of the complaint, the form set forth in Rule 1920.72(a) was followed verbatim, save for the inclusion of alleged indignities incurred by the plaintiff as a ground for divorce under § 201(a)(6). Although the defendant filed no answer to the 1980 complaint, the averments were considered denied under Rule 1920.14.

Next, we observe that the plaintiff's 1986 pleading, captioned "Affidavit under § 201(d) Divorce Code", conforms in all regard with Rule 1920.72(c). However, a follow-up praecipe requesting the entry of a decree in divorce, rather than a praecipe to transmit the record as called for by Rule 1920.73, was presented to the court. Of interest to us is that in paragraph 1 of the praecipe, counsel for the plaintiff averred: "The complaint, with Plaintiff's affidavit under Section 201(d) of the Divorce Code, was filed in 1980, service is of record."

Thereafter, in the same document, counsel recited that the defendant's failure to respond to either the complaint or the § 201(d) affidavit within twenty days of service cleared the way for the entry of a divorce decree. The court agreed and entered an order to that effect on April 21, 1986. Two days later a counterclaim was filed by counsel for the defendant seeking a divorce of her own and various other items of relief (i.e., property, alimony, counsel fees and costs). This, in turn, was succeeded by a petition to vacate the divorce for the plaintiff's failure to amend his original complaint—alleging fault grounds (§ 201(a)(6) & (c))—to aver therein that the parties had lived "separate and apart".

The Divorce Code is quite explicit in enunciating the criteria necessary to effectuate a valid and enforceable decree in divorce. For example, as is relevant here, the Divorce Code reads that:

> It shall be lawful for the court to grant a divorce where a party has filed a *complaint and an affidavit* alleging that the parties have lived separate and apart for at least three years, and that the marriage is irretrievably broken....

The Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 201(d)(1) (Emphasis added). This has been interpreted as requiring that both the complaint and affidavit must contain a three-year separation allegation, the absence of which from either document inhibits the court from granting a legally enforceable divorce pursuant to § 201(d). See *Goditus v. Goditus,*

28 Pa.D. & C.3d 271, 371 (Lycoming County 1983); contra *Hepp v. Hepp,* 70 Delaware County Reports 438 (1983).

Such an approach is reflected in the June, 1980, version of Rule 1920.12(a)(6), which still requires that a ground on which the complaint is based be stated in language substantially similar to that of the Divorce Code. Likewise, Rule 1920.72(c) lists the "separate and apart" ground in its recommended form for those seeking a divorce under § 201(d) by affidavit. Thus, we have the Divorce Code and Rules 1920.12(a)(6), 1920.72(c)(1) specifically using the term "shall" to describe the conditions precedent necessary to secure a valid divorce. We may not ignore such terminology. Especially is this true in the case of the Legislature, which could have very easily permitted the granting of a § 201(d) divorce by having the "complaint *or* affidavit" contain the "separate and apart" allegation. However, the use of the conjunctive gives us reason to think that the Legislature had a purpose behind the language it selected, which it has not seen fit to amend since its enactment in 1980 or modified by the Civil Procedural Rules Committee.

The rationale is self-evident in that the exclusion of a ground for divorce from the *complaint,* and its delay in the pleadings until the *affidavit* is filed, shortens the period in which a response can be filed. In other words, in the former circumstance no time limit is set in the notice to defend and the failure to answer is deemed a denial. Thus, the responding party is not constrained by time to act. The latter case mandates that action (in the form of a counter-affidavit) be taken within a fixed (twenty days) time or the averments are deemed admitted by the non-moving party.

■ The defendant's right to due process (as well as the potential loss of property) is being affected in the § 201(d) affidavit context, and, therefore, *all* procedural requirements need to be satisfied to endow the court with the authority to act. Instantly, the 1980 complaint neglected to aver that the parties had lived separate and apart for three

years.[1] This omission cannot be satisfied with the inclusion of such an allegation in the affidavit. To condone such procedural irregularity would fly in the face of *clear and unequivocal* language in the statute to the contrary, which we are obligated to give full effect (see 1 Pa.C.S. § 1922) or risk the likelihood of infringing on the principle of the separation of powers. This we will not do under the guise of judicial expediency.

Moreover, we note that the plaintiff's praecipe to transmit alleges an inaccuracy, or, at least, it can be reasonably interpreted as such, when he states that the complaint and affidavit under § 201(d) of the Divorce Code were filed in 1980.[2] In truth, only the complaint was filed in that year, while the § 201(d) affidavit appeared in 1986.

■ With the condition of the record before us, we agree with the trial court's determination that the plaintiff has to file an amendment to his 1980 complaint (by making a "separate and apart" averment) to come into compliance with the law of pleading in this Commonwealth with regard to a divorce action.[3] See Rule 1920.13(b) and Pa.R.Civ.P. 1033.

The last of the plaintiff's contentions is also of interest in that he questions the trial court's requirement that he give the defendant ten days notice of his intention to file a praecipe to transmit the record before the entry of a decree in divorce could take place. The trial court analogized the plaintiff's praecipe to the seeking of a default judgment and the attendant notice required by Pa.R.Civ.P. 237.1. (See Trial Court Opinion at 5)

■ We can find no fault with the trial court's time-requirement as a condition precedent to entering a § 201(d) divorce on praecipe of the plaintiff. The Divorce Code

1. The reason may have been that the parties had not been separated for that period at the time the complaint was filed. We do not know.
2. See Rule 1920.72(c), which requires that statements be verified as true and correct in the affidavit.
3. The effort in adhering to the pleading requirements is minimal in contrast to the notice afforded to the recipient with its effectuation.

specifically cloaks a Court of Common Pleas with the authority "to make and adopt such rules and practices as may be necessary to carry [the Divorce Code] into effect", provided, of course, they are not inconsistent with the Rules of Civil Procedure. 23 P.S. § 604.

As of the date of this opinion, nowhere in the Rules of Civil Procedure is there any mention of a notice requirement that is to be satisfied prior to securing a § 201(d) divorce. See, e.g., *Garlesky v. Garlesky*, 20 D. & C.3d 232, 239 (Somerset County 1981).

In fact, it was this Court's suggestion in *Crookes v. Crookes*, 346 Pa.Super. 315, 326, 499 A.2d 626, 631 (1985) that the Civil Procedural Rules Committee "incorporate into Pa.R.Civ.P. 1920.42 a provision requiring notice to opposing counsel prior to the filing of a motion seeking a Section 201(d) final decree in divorce" which prompted that body to circulate for comments and suggestions a recommendation in 16 Pennsylvania Bulletin 4495–96 (1986) to do just that before submitting the proposal to the Pennsylvania Supreme Court for approval and implementation.

What is to be gleaned from the preceding is that the trial court possessed the authority to act as it did in requiring (by judicial fiat) that the plaintiff give notice to the defendant prior to entry of the final decree in divorce pursuant to § 201(d) [4].

---

**4.** We would note that the "form" complaint listed under Rule 1920.-72(a) is to be followed regardless of whether one is seeking a divorce "... under Section 201(c) *or 201(d) of the Divorce Code*". (Emphasis added) Yet, the Rule neglects to require the inclusion of an assertion of a three-year period of living "separate and apart" as called for under the statute. We find this to be misleading and should be amended by the Civil Procedural Rules Committee to reflect the addition of such an averment, *when permitted by the facts of the case by one seeking a § 201(d) divorce*. Failing this, the complainant has the option to file for a divorce under the traditional fault grounds retained by the Divorce Code.

We are well aware that there may be instances where the three-year separation has not accrued at the time of the filing of the complaint. In those situations, as we hold today, the moving party is to amend the initial complaint to include the three-year separation allegation. This notice is most important when one considers the ex parte nature of a § 201(d) divorce action.

Once the amendment to Rule 1920.42 becomes effective,[5] the instant type of case will become passé.

Order affirmed.

5.  The provision and Explanatory Comment, as presently drafted, reads:

**Rule 1920.42.**  Affidavit and Decree under Section 201(c) or 201(d)(1)(i) of the Divorce Code.  Notice of Intention to File Praecipe to Transmit Record.

\*          \*          \*          \*          \*          \*

(c) No decree shall be entered by the court under section 201(d)(1)(i) of the Divorce Code unless a notice of intention to file the praecipe to transmit the record, substantially in the form prescribed by Rule 1920.73(a), was mailed or delivered to the party against whom the decree is to be entered and to the party's attorney of record, if any, at least thirty days prior to the date of the filing of the praecipe.  A copy of the notice shall be attached to the praecipe which shall include a certification of the mailing of the notice.

\*          \*          \*          \*          \*          \*

**Explanatory Comment**

Rule 1920.42.  Affidavit and Decree under Section 201(c) or 201(d)(1)(i) of the Divorce Code.  Notice of Intention to File Praecipe to Transmit Record.

In *Crookes v. Crookes,* 346 Pa.Super. 315, 499 A.2d 626 (1985), the Superior Court suggested that Rule 1920.42 be amended to require "notice to opposing counsel prior to the filing of the motion seeking a Section 201(d) final decree in divorce."  The Civil Procedural Rules Committee concurs in that suggestion with respect to actions under paragraph (1)(i) of Section 201(d).

Therefore, Rule 1920.42 is to be revised by adding new subdivision (c) which imposes a requirement that the plaintiff notify the defendant of the intention to file the praecipe to transmit the record in an action under Section 201(d)(1)(i) of the Divorce Code.  In such an action the defendant has not actively participated in the proceedings.  He has neither appeared nor filed an answer to the complaint or plaintiff's affidavit and, therefore, he may be unaware that the court is about to enter a decree which will cut off rights to permanent alimony and equitable distribution of marital property unless a claim is promptly asserted.  The requirement of notice is not extended to actions in which the defendant has actively participated by filing an affidavit of consent under Section 201(c) of the Divorce Code or by contesting the plaintiff's affidavit under Section 201(d)(1)(ii).

16 Pennsylvania Bulletin 4495–96 (1986).