Claudia LAZARIC, Appellant,

v.

Branko LAZARIC, Appellee.

Superior Court of Pennsylvania.

Submitted Sept. 24, 2002.

Filed Feb. 21, 2003.

Mindy J. Snyder, Langhorne, for appellant.

Richard A. Gutman, Philadelphia, for appellee.

Before McEWEN, P.J.E., and TODD, and MONTEMURO *, JJ.

OPINION BY McEWEN, P.J.E.:

¶ 1 Appellant, Claudia Lazaric ("wife"), has taken this appeal from the final decree of the trial court which divorced appellant and appellee, Branko Lazaric ("husband"), from the bonds of matrimony. We are constrained to reverse and remand.

¶ 2 Wife filed a complaint in divorce on January 3, 2001. The complaint contained three counts: Count I—dissolution of the marriage (no-fault), Count II—child support, and Count III—custody of the minor children. No claim for equitable distribution, alimony *pendente lite*, or alimony was included in the complaint.

¶ 3 Service was not accomplished within 30 days and, on February 12, 2001, wife filed for reinstatement of the divorce complaint. Service was accepted by counsel for husband, Attorney Beth Kauffman, on March 12, 2001. Less than one month later, on April 4, 2001, wife, in a separate action, filed a complaint for alimony *pendente lite*. On November 23, 2001, Attorney Beth Kauffman withdrew her appearance and Attorney Richard A. Gutman entered his appearance for husband. Shortly thereafter, on December 5, 2001, *husband's* attorney filed *wife's* Section 3301(c) affidavit of consent, executed No-

* Retired Justice assigned to Superior Court.

vember 5, 2001, which wife had provided to him[1], and husband's Section 3301(c) affidavit of consent, executed on November 17, 2001. Husband's attorney, on December 5, 2001, also filed a praecipe to transmit the record for entry of a divorce decree. The office of the Clerk of Family Court accepted husband's praecipe and the record was referred to the trial judge, who entered a decree in divorce on December 15, 2001. This appeal followed.

¶ 4 Wife challenges the entry of the divorce decree on the grounds that husband failed to serve her with a notice of his intention to request entry of the divorce decree, as required by Rule 1920.42(d)(1), prior to filing the praecipe to transmit the record with the prothonotary. In order to address this argument, we must focus upon the interplay of Section 3301(c)[2] of the Divorce Code[3] and Pennsylvania Rule of Civil Procedure 1920.42.

¶ 5 Section 3301(c) grants authority to the court to enter a divorce decree based upon no-fault grounds if it is alleged that the marriage is irretrievably broken, that 90 days have elapsed from the date of commencement of the action, and that an affidavit has been filed by each of the parties evidencing that each of the parties consents to the divorce. 23 Pa.C.S. § 3301(c). Pa.R.Civ.P.1920.42 also imposes a condition precedent, namely, that a decree may not be entered by the court under Section 3301(c) of the Divorce Code unless the notice requirement of the Rule is met. Specifically, Rule 1920.42 provides:

(a) If a complaint has been filed requesting a divorce on the ground of irretrievable breakdown and

(1) both parties have filed an affidavit under § 3301(c) of the Divorce Code substantially in the form prescribed by Rule 1920.72(b), . . .

\* \* \* \* \* \*

the prothonotary on praecipe in the form prescribed by Rule 1920.73(b) shall transmit the record to the court, which shall review the record and enter the appropriate decree. No master shall be appointed.

\* \* \* \* \* \*

(d)(1) Except as provided in (e), no decree shall be entered by the court under § 3301(c) or § 3301(d)(1)(i) of the Divorce Code *unless a notice of intention to request entry of divorce decree, substantially in the form prescribed by Rule 1920.73(a), was mailed or delivered to the attorney of record of the party against whom the decree is to be entered* or, if there is no attorney of record, to the party, at least twenty days prior to the date of the filing of the praecipe to transmit the record. The praecipe shall state the date and manner of service of the notice, a copy of which shall be attached.

\* \* \* \* \* \*

(e) Notice of intention to request entry of divorce decree shall not be required prior to the entry of a divorce decree

(1) where the parties have executed and filed with the prothonotary a waiver of

---

1. The briefs of both parties recite that, on November 5, 2001, the parties appeared before a support master regarding wife's petition for alimony *pendente lite,* and at that time wife executed an affidavit of consent, which was dated that same day and handed by wife's attorney to husband's attorney.

2. 23 Pa.C.S. § 3301(c).

3. Act of Dec. 19, 1990, P.L. 1240, No. 206, § 2.

notice substantially in the form set forth in Rule 1920.72(c); or

(2) under § 3301(d) where the court finds that no appearance has been entered on defendant's behalf and that defendant cannot be located after diligent search.

Pa.R.Civ.P.1920.42. (Emphasis added).

¶ 6 The requirement of advance notice by the moving party of his intention to file a final divorce decree emanates from *Crookes v. Crookes,* 346 Pa.Super. 315, 499 A.2d 626 (1985), in which this Court urged the Civil Procedure Rules Committee to "incorporate into Pa.R.Civ.P.1920.42 a provision requiring notice to opposing counsel prior to the filing of a motion seeking a Section 201(d) [now Section 3301(d) ] final decree in divorce." *Id.* at 631. In 1988, Rule 1920.42 was so revised, and seven years later, in 1995, Rule 1920.42 was amended to require the same notice prior to the entry of the decree in a Section 3301(c) divorce. *See:* Rule 1920.42 Explanatory Comment—1995.

▇ ¶ 7 The procedural requirements imposed by the Rules of Civil Procedure must be satisfied in order to endow the court with the authority to enter the decree in divorce. *Creach v. Creach,* 361 Pa.Super. 482, 522 A.2d 1133, 1136 (1987). It merits emphasis, as well, that the affidavits of consent executed by both parties pursuant to Section 3301(c) of the Divorce Code and Pa.R.Civ.P.1920.42(a)(1) recite: "I consent to the entry of a final decree of divorce *after the service of notice of intention to request entry of the decree."* (Emphasis added). *See:* Pa.R.Civ.P. § 1920.72(b). It is conceded by counsel for husband that he did not serve wife or her attorney with a notice of intention to request a divorce decree. Thus, the record as certified to the trial court was procedurally deficient.[4]

¶ 8 Wife, in her statement of matters complained of on appeal, asserted, *inter alia,* (1) that "the Final Decree in divorce was entered in violation of Rule 1920.42 in that [husband] failed to provide Notice of Intention to Request Entry of Decree," (2) that the trial court "erred in entering a Final Decree of Divorce in that [it] did not require [husband] to file a Praecipe which stated the date and manner of service of the Notice of [Intent to file] Praecipe to Transmit," and (3) that "[a]t no time did [husband] notify [wife] that he had been filing for the entry of a Final Decree.

---

4. Wife has challenged the divorce decree by means of a timely appeal. In this posture, 23 Pa.C.S. § 3332, which the parties cite in their briefs, is not relevant. Section 3332 of the Divorce Code describes as follows the circumstances under which the trial court may exercise its discretion and open or vacate a divorce decree:

§ 3332. Opening or vacating decrees

A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S. § 5505 (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. *A motion to vacate a decree or strike a judgment* *alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree.* Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

23 Pa.C.S. § 3332 (Emphasis added). It merits mention, however, that the defect apparent on the face of this record would have been sufficient to support the grant of a motion to vacate the divorce decree under this Section.

Such notice would provide [wife] the opportunity to secure her claim in equitable distribution and alimony."

¶ 9 The trial court rejected wife's contentions, finding that "[o]n December 5, 2001, husband filed a 'praecipe to transmit record' *with a copy of a 'notice of intention to request entry of section 3301(c) divorce decree'* which the office of the Clerk of Court accepted." (Emphasis added). The court reasoned: (1) that "[t]he Clerk of Family Court accepted as properly filed the 'Praecipe to Transmit Record' and docketed the filing on December 5, 2001, [and] the Court relied on the acceptance of filing by the Clerk", (2) that "the moving party, Husband, failed to state in the Praecipe the date of service in the notice and set forth in paragraph five (5) 'N/A' ", and (3) that "Wife in executing and dating the 'Affidavit of Consent' had reason to know that it would be filed in as much as the rules require that it be filed within thirty (30) days after it is executed."

■ ¶ 10 Our examination of the record reveals that a prerequisite to the entry of the divorce decree has not been satisfied. The notice of intention to request divorce decree attached to the praecipe to transmit filed by *husband's attorney,* was, in fact, directed to *husband.* There is no evidence in the record to support the conclusion that, prior to filing the praecipe to transmit record, husband's attorney served wife or her attorney with notice to request entry of Section 3301(c) divorce decree. Indeed, as we have noted, counsel for husband concedes that such notice was not forwarded to wife or her counsel. Thus, while the praecipe to transmit reflected that the notice prerequisite had been met, wife did not receive notice as required by the Rules of Civil Procedure.

¶ 11 Since it *appeared* from the praecipe to transmit record that the prerequisites to the entry of the divorce decree had been met, since wife had executed an affidavit of consent, and since there was firm basis to posit that wife "had reason to know" that the affidavit of consent would be filed, the trial court understandably proceeded to entry of the divorce decree. Nonetheless, the technical requirement that notice of intention to request entry of Section 3301(c) divorce decree be served upon wife was a necessary prerequisite, and the failure to do so constituted such a procedural deficiency under Pa.R.Civ.P.1920.42(d)(1) that the final decree of divorce must be reversed.

¶ 12 Since the decree in divorce was entered upon the aforediscussed procedurally deficient record, we are constrained to reverse the final decree of the trial court and remand for further proceedings consistent with this Opinion.

¶ 13 Decree reversed. Case remanded. Jurisdiction relinquished.