**Richard A. DANZ, Appellee.**

v.

**Cindy L. DANZ, Appellant.**

Superior Court of Pennsylvania.

Submitted March 3, 2008.
Filed April 16, 2008.

Paula Katchmer, Lancaster, for appellant.

Richard A. Danz, appellee, pro se.

BEFORE: FORD ELLIOTT, P.J., MUSMANNO and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 Cindy L. Danz appeals the July 18, 2007, Order denying her Motion to Vacate or Open a Decree of Divorce.[1]

¶ 2 On January 9, 2007, Richard A. Danz, husband,[2] filed a complaint in di-

---

1. An order denying a motion to open or vacate a divorce decree is considered a final order for purposes of appeal. *Curran v. Curran*, 446 Pa.Super. 633, 667 A.2d 1155, 1156 (1995), *citing Flowers v. Flowers*, 417 Pa.Super. 528, 612 A.2d 1064, 1065 (1992); *see also Egan v. Egan*, 759 A.2d 405 (Pa.Super.2000).

2. On September 24, 2007, husband filed a *pro se praecipe* for appearance in this Court and on September 27, 2007, husband's counsel

vorce with an accompanying affidavit alleging his marriage to wife, Cindy L. Danz, was irretrievably broken and that the couple had lived separate and apart for the two years preceding the filing of the complaint. *See generally,* 23 Pa.C.S.A. § 3301, **Grounds for divorce, (c) Mutual consent,** (d)(1) **Irretrievable breakdown.** Wife was served with husband's complaint, after it was reinstated, on April 3, 2007. On April 10, 2007, the parties' attorneys held a conference call. Trial Court Opinion, Leete, P.J., at 3. Although the attorneys dispute the details of the conversation, wife testified she was told by her attorney that husband had agreed to withdraw the divorce complaint. N.T., 6/18/07, at 9. Wife never filed a responsive pleading to husband's complaint.

¶ 3 On April 27, 2007, the Potter County prothonotary forwarded to wife notice of its intention to enter an uncontested divorce decree. Record, No. 9; *see generally,* Pa.R.C.P.1920.42(a)(2), **Affidavit and Decree Under § 3301(c) or § 3301(d)(1) of the Divorce Code. Notice of Intention to Request Entry of Divorce Decree in § 3301(c) and § 3301(d)(1)(i) Divorces. Counter–Affidavit.** That same day, husband filed a *praecipe* to transmit the record to the trial court. *See contra* Pa. R.C.P.1920.42(d). On May 2, 2007, a mere five days after the notice of intent was dated, the trial court entered an uncontested divorce decree. *See contra id.*[3] On May 17, 2007, wife filed the instant and timely motion requesting the trial court

vacate the decree. *See generally, Egan v. Egan,* 759 A.2d 405, 407 (Pa.Super.2000), *citing* 42 Pa.C.S.A. § 5505, **Modification of orders.** The trial court conducted a hearing in the matter on June 18, 2007. After considering testimony from both parties' attorneys and wife, the trial court entered the Order *sub judice.* Wife's timely notice of appeal followed.

¶ 4 On October 8, 2007, the trial court issued an Opinion wherein it concluded wife had waived her challenge to improper venue by failing to file preliminary objections. In reaching this conclusion, the trial court relied on Pa.R.C.P.1920.1(b), **Definitions. Conformity to Civil Action,** which states: "Except as otherwise provided in this chapter, the procedure in [a divorce] action shall be in accordance with the rules relating to a civil action." The trial court also relied on Pa.R.C.P. 1006(e), **Venue. Change of Venue,** which provides in pertinent part: "Improper venue shall be raised by preliminary objection and if not so raised shall be waived."

■ ¶ 5 Our standard of review over an order denying a motion to open or vacate a divorce decree requires us to determine whether an abuse of discretion has been committed. *Egan, supra* at 407, *quoting Foley v. Foley,* 392 Pa.Super. 9, 572 A.2d 6, 9 (1990) (additional citation omitted). A motion requesting that a divorce decree be opened or vacated lies when the motion alleges the decree suffers from a fatal defect apparent upon the face of the record, was procured by either intrinsic or

---

filed an "application to withdraw as counsel." Although we granted counsel's application on October 11, 2007, thereby allowing husband to proceed *pro se,* he did not file an appellate brief.

**3.** Pursuant to Rule 1920.42(d), divorce decree may not be entered pursuant to 23 Pa.C.S.A. §§ 3301(c) or (d)(1)(i) unless notice of the intention to request entry of the decree is mailed or delivered to the defendant at least

20 days prior to the filing of the *praecipe* to transmit the record. In this case, the trial court violated this provision by allowing appellee to file a *praecipe* for transmission on the same day the notice of intent was filed and then entering the divorce decree only five days later. Appellant failed to raise the Rule 1920.42(d) issue and, thus, the trial court's violation is nondispositive.

extrinsic fraud, should be voided in light of newly discovered evidence, or was entered by a court without subject matter jurisdiction. 23 Pa.C.S.A. § 3332, **Opening or vacating decrees.**

¶ 6 Wife argues venue in Potter County is improper because neither she nor her ex-husband has ever resided there.[4] She asserts the trial court's analysis fails to account for Pa.R.C.P.1920.2, **Venue,** which provides in pertinent part:

(a) The action, except a claim for custody, may be brought only in the county

(1) in which the plaintiff or the defendant resides, or

(2) upon which the parties have agreed

(i) in a writing which shall be attached to the complaint, or

(ii) by participating in the proceeding. Under subdivision (a)(2), the agreement of the parties is an independent basis for venue and is not a waiver of improper venue.

(b) *The record shall establish compliance with the venue requirement of subdivision (a) prior to the entry of the decree.*

(c) Notwithstanding any agreement of the parties, if neither the plaintiff nor the defendant has resided in the county at any time during the pendency of the action, the court, upon its own motion and for its own convenience, may transfer the action to the appropriate court of any other county where the action originally could have been brought.

(Emphasis added.) Wife concludes the underlying record suffers from a "fatal defect apparent upon the face of the record" due to the fact that the trial court failed to establish venue was proper pursuant to

Rule 1920.2(b) before directing the decree be entered. *See generally, Lazaric v. Lazaric,* 818 A.2d 523, 525 (Pa.Super.2003) ("The procedural requirements imposed by the Rules of Civil Procedure must be satisfied in order to endow the court with the authority to enter the decree in divorce."), *citing Creach v. Creach,* 361 Pa.Super. 482, 522 A.2d 1133, 1136 (1987).

¶ 7 We begin, as we must, with the plain language of Rule 1920.2(b) which states venue *shall* be established on the record—either by residence, written agreement, or tacit agreement through participation—before a trial court enters a divorce decree. Our Supreme Court repeatedly has stated the use of the word "shall" is, by definition, mandatory, unless the context in which the term appears creates extrinsic ambiguity as to its meaning. *Chanceford Aviation Props., LLP v. Chanceford Township Bd. of Supervisors,* 592 Pa. 100, 923 A.2d 1099, 1104 (2007); *see also* Pa.R.C.P. 103(a) **Words and phrases.** We must presume our Supreme Court intended Rule 1920.2(b) to be effective and certain. Pa.R.C.P. 128(a), **Presumptions in Ascertaining the Intent of the Supreme Court.** If trial courts were permitted to enter divorce decrees without first verifying the record establishes venue is proper, Rule 1920.2(c) would be advisory, not mandatory. *See contra Chanceford, supra* at 1104; Pa.R.C.P. 128(a).

¶ 8 The note to Rule 1920.2(a) is consistent with our Supreme Court's use of the word "shall" in Rule 1920.2(b). The note states that a litigant, who agrees to venue does *not* waive her challenge to improper venue. Explicit agreement is in writing. Pa.R.C.P.1920.2(a)(2)(i). Implicit agreement is arrived at by participation in

---

4. In his complaint husband avers: "Plaintiff resides at 538 GREENLAND DR, LANCASTER, PA 17602." Record, No. 4, at ¶ 1. Husband reaffirmed that he was residing in Lancaster County in his June 1, 2007, answer to wife's motion. Record, No. 15, at ¶ 4.

the divorce proceedings. *Id.* at (a)(2)(ii). The term "participation" does not include the mere entry of an appearance, whether the appearance be for purposes of challenging improper venue by preliminary objection or otherwise. Pa.R.C.P.1920.2, **Explanatory Comment—1994**; *see also* Pa. R.C.P. 1012(a), **Entry of Appearance. Withdrawal of Appearance. Notice** ("[A]ppearance shall not constitute a waiver of the right to raise any defense including questions of jurisdiction or venue."). The note to Rule 1920.2 does not limit the definition of "participation" to the filing of preliminary objections challenging improper venue. If a challenge to improper venue in a divorce action remains justiciable after the challenger executes a contract submitting to the venue or, alternatively, after the challenger participates in a divorce action by filing a responsive pleading, it is completely illogical to conclude Rule 1920.2 requires waiver when the objecting party does not even enter an appearance.

¶ 9 Moreover, subsection .(b) of Rule 1920.2, in and of itself, distinguishes the Rule from every other venue provision in the Rules of Civil Procedure. *See e.g.*, Pa.R.C.P. 1006, Pa.R.C.P. 1052, **Venue;** Pa.R.C.P. 1092, **Venue;** Pa.R.C.P. 1552, **Venue;** Pa.R.C.P.1910.2, **Venue. Transfer of Action;** Pa.R.C.P.1915.2, **Venue.** While every venue provision in the Rules of Civil Procedure sets forth a substantive standard for determining when venue is proper, not a single venue provision, with the exception of Rule 1920.2, contains language requiring the evidence of record to establish venue is appropriate and purporting to limit the trial court's authority to act if it does not.

¶ 10 The historical developments leading up to the drafting of Rule 1920.2(b) are also significant to our analysis. In April of 1980, the General Assembly revised the Divorce Code to allow for no-fault divorces. *Office of Disciplinary Counsel v. Davis,* 532 Pa. 22, 614 A.2d 1116, 1124 (1992) (Cappy, J., dissenting), *citing* 1980 Pa. Laws 63. The advent of no-fault divorce allowed attorneys to complete divorces for their clients without entering a court appearance and, thus, to offer their services at lower cost. *Id.* By Order of June 27, 1980, our Supreme Court promulgated Rule 1920.2. 10 Pa. Bull. 2967 (7/12/80). Rule 1920.2 superseded the use of Rule 1006 in divorce actions and limited venue in such actions to counties where either the plaintiff or defendant reside.

¶ 11 As stated above, the 1980 amendments to the Divorce Code made obtaining a divorce cheaper. Divorce filings in counties where filing fees were low increased exponentially, causing a backlog of nonresident divorce filings in these counties. *Davis, supra* at 1124. In addition, plaintiffs began to use venue as a weapon in divorce proceedings by filing actions in counties distant from where their adversaries resided.

¶ 12 In response to these developments, the Court Administrator of Pennsylvania issued a memorandum and directive dated April 23, 1982, instructing all President Judges of the Commonwealth to "require strict compliance" with Rule 1920.2. *See* 13 Pa. Bull. 677, 678 (2/12/83). On January 28, 1983, our Supreme Court amended the note to Rule 1920.2 to include the Court Administrator's memorandum and directive and on February 7, 1989, the Court promulgated subsections (a)(2), (b), and (c) to Rule 1920.2. 19 Pa. Bull. 764, 764–765 (2/25/89). Notably, the Court also added an explanatory comment to Rule 1920.2 stating, in relevant part, as follows:

The amendment to Rule 1920.2 addresses the bases of venue in actions for divorce or annulment of marriage. Under prior practice, an action was re-

quired to be brought in a county in which the plaintiff or the defendant resided. However, caselaw allowed this provision to be waived by a failure to object when an action was brought in a county where neither party resided.

A problem arose in that an action could be brought in a forum which later became inconvenient when a defendant spouse decided to assert economic claims allowed by the Divorce Code. Under that practice, it was possible for the plaintiff's choice of forum to impose burdens and expenses upon an impecunious defendant and impair the defendant's ability to assert claims and obtain the economic justice envisioned by the Divorce Code.

The amended rule recognizes the concept of choice of venue since a forum other than a county of residence may be most agreeable to both parties. However, the choice of forum should not be unilateral to the detriment of the defendant. Consequently, new subdivision (a)(2) requires that, in order to bring the action in a forum other than as provided by subdivision (a)(1), the parties *both* must consent either by a writing attached to the complaint or by participation in the proceedings....

The master, if one has been appointed, and the court should make certain that the record demonstrates compliance with the choice of venue provided by subdivision (a)(1) or that there has been proper consent under subdivision (a)(2) of the rule. *This requirement of subdivision (b) will help to ensure that the purposes of the Divorce Code have been fulfilled.*

19 Pa. Bull. at 765 (underlined emphasis added); *cf. e.g., Gogets v. Gogets,* 267 Pa.Super. 458, 406 A.2d 1132, 1133 (1979) (holding a challenge to improper venue in a divorce action was waived pursuant to Rule 1006(e) after the objecting party failed to raise the challenge in preliminary objections), *citing Hohlstein v. Hohlstein,* 223 Pa.Super. 348, 296 A.2d 886, 888–889 (1972). In 1994, our Supreme Court eliminated the vast majority of the language from the 1989 explanatory comment. *But see* **Prefatory Note to Pennsylvania Rules of Civil Procedure** ("The explanatory notes following the rules were prepared by the Committee for the convenience of the Bench and Bar but were not part of the Rules and were not officially adopted or promulgated by the Supreme Court."). The Supreme Court, however, did not make any change to the text of Rule 1920.2.

¶ 13 To summarize, for years this Commonwealth's precedent was well-settled— Rule 1006(e) waiver applied to divorce actions. *Gogets, supra* at 1133, *citing Hohlstein, supra* at 888–889. In 1980, our General Assembly passed substantial amendments to the Divorce Code. Courts with the lowest filing fees became magnets for divorce filings, which led to backlogs. Plaintiffs began to use venue as a weapon against their spouses in divorce proceedings. In 1982, the Court Administrator of Pennsylvania issued an edict directing President Judges to ensure strict compliance with Rule 1920.2, and 1983, our Supreme Court inserted this directive verbatim into the note accompanying Rule 1920.2. In 1989, our Supreme Court promulgated, *inter alia,* subsection (b) of Rule 1920.2; in doing so, the Court used unequivocal and novel language and, in addition thereto, appended a lengthy explanatory comment reaffirming that subsection (b) is mandatory. The explanatory comment also outlined the impetus behind the promulgation of Rule 1920.2(b). For almost 20 years, the language of Rule 1920.2(b) has been static.

¶ 14 The plain language of Rule 1920.2(b) and the history surrounding its promulgation lead us to an inexorable conclusion. Rule 1920.2(b) requires a trial court to ensure the record establishes venue is proper—either by residence, written agreement, or tacit agreement through participation—before directing entrance of a divorce decree. The divorce decree in this case suffers from "a fatal defect apparent upon the face of the record" due to the fact that the trial court failed to comply with Rule 1920.2(b). Consequently, the trial court's Order denying wife's Motion to Vacate or Open the Decree of Divorce cannot stand. *See* 23 Pa.C.S.A. § 3332, *supra.* Wife also raises three other issues on appeal which are rendered moot by virtue of our disposition of the first issue.

¶ 15 Order reversed and case remanded for further proceedings consistent with this Opinion.

¶ 16 Jurisdiction relinquished.