**Jeffrey S. REECE, Appellee**

v.

**Avis L. REECE, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 10, 2013.

Filed May 10, 2013.

Kathryn I. Nonas–Hunter and Marc A. Roberts, York, for appellant.

Timothy J. O'Connell, Harrisburg, for appellee.

BEFORE: DONOHUE, SHOGAN and WECHT, JJ.

OPINION BY SHOGAN, J.:

Appellant, Avis L. Reece ("Wife"), appeals from the order denying her motion to vacate the divorce decree. For the reasons that follow, we affirm.

Appellee, Jeffrey S. Reece ("Husband"), filed a complaint for divorce from Wife on May 13, 2011. Acceptance of service was signed by Wife on May 20, 2011, and filed on August 19, 2011. Affidavits of consent and waivers of notice of intention to request entry of a divorce decree were signed by both parties on August 18, 2011, and filed on August 19, 2011. Husband's praecipe to transmit, which alleged 23 Pa. C.S.A. § 3301(c) as grounds for the divorce, was submitted on August 18, 2011. On August 25, 2011, the court entered a divorce decree. Wife subsequently filed a motion to vacate the divorce decree on March 13, 2012 alleging, *inter alia,* the lower court lacked jurisdiction to enter the divorce decree because the affidavits were signed on the ninetieth day after service of the complaint, rather than ninety-one days or more following service of the complaint. The lower court denied the motion to vacate the divorce decree on May 23, 2012. Wife's appeal followed.

Wife raises the following issue on appeal:

Whether the trial court committed an error of law by allowing a Rule of Civil Procedure, namely Pa.R.C.P. No.1920.42(b)(1), to rule over the statute, namely 23 Pa.C.S.A. § 3301(c)?

Wife's Brief at 2.

Our standard of review over an order denying a motion to open or vacate a divorce decree requires us to determine whether an abuse of discretion has been committed. A motion requesting that a divorce decree be opened or vacated lies when the motion alleges the decree suffers from a fatal defect apparent upon the face of the record, was procured by either intrinsic or extrinsic fraud, should be voided in light of newly discovered evidence, or was entered by a court without subject matter jurisdiction.

*Danz v. Danz,* 947 A.2d 750, 752–753 (Pa.Super.2008); *see also* 23 Pa.C.S.A. § 3332.[1]

The Pennsylvania Divorce Code grants authority to the court to enter a divorce on no-fault grounds, in part, as follows:

§ 3301. Grounds for divorce

(c) **Mutual consent.**—The court may grant a divorce where it is alleged that the marriage is irretrievably broken and 90 days have elapsed from the date of commencement of an action under this part and an affidavit has been filed by each of the parties evidencing that each of the parties consents to the divorce.

23 Pa.C.S.A. § 3301(c).

Pennsylvania Rule of Civil Procedure 1920.42, which pertains to divorce actions generally and to affidavits specifically, provides in pertinent part:

(b) The affidavit required by § 3301(c) of the Divorce Code must have been executed

(1) ninety days or more after both filing and service of the complaint....

Pa.R.C.P.1920.42(b)(1).[2]

Wife relies upon section 3301(c), arguing that the divorce decree was entered prematurely and should be vacated because ninety days did not elapse between the service of the complaint and the entry of the divorce decree. She maintains, therefore, that the action commenced not upon the filing of the complaint, but upon its service. Wife's Brief at 4. Referencing Rule 1920.42(b)(1), Wife similarly argues, "[I]f the court were to allow affidavits of consent and waivers of *notice of intention* to request the divorce to be executed prior to the ninety-first day after the commencement of the action, the court would ignore the purpose of the ninety-day waiting period and cavalierly dismiss the power of the legislature to create the court's jurisdiction." *Id.* Wife concludes that a conflict exists between 23 Pa.C.S.A. § 3301(c) and Pa.R.C.P. 1920.42(b)(1). Wife's Brief at 4–6. Wife's assertions lack merit.

█ First, the language of section 3301(c) clearly delineates its requirements individually and in the conjunctive: 1) ninety days must elapse from commencement of the action, and 2) each party must file an affidavit evidencing consent. The ninety-day period therein refers only to commencement of the action. We reject Wife's contention that we should use the date the complaint was served as the date of commencement. An action is commenced by the filing of a complaint. Pa. R.C.P. 1007 (Rule 1007 requires that an action be initiated either by a writ of summons or a complaint). *See also Aivazoglou v. Drever Furnaces,* 418 Pa.Super. 111, 613 A.2d 595, 598 (1992) (only proper

---

1. Section 3332 provides as follows:

   A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S. § 5505 (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

   23 Pa.C.S.A. § 3332.

2. Although not at issue here, the affidavit also must have been executed within thirty days of being filed, pursuant to Pa.R.C.P. 1920.42(b)(2).

way to commence an action in this Commonwealth is by proceeding in accordance with the clear and unambiguous language found in Pa.R.C.P. 1007). Thus, the action was commenced by Husband's filing of the divorce complaint on May 13, 2011. Clearly, then, more than ninety days elapsed between the filing of the complaint and the entry of the divorce decree on August 25, 2011. Additionally, both parties filed affidavits of consent.

■ As to Wife's next assertion, no conflict exists between the rules of civil procedure and the statute. Divorce actions are to be in conformity with the procedural requirements imposed by the rules of civil procedure, as well as statutory law. Pa. R.C.P.1920.1(b), **Definitions. Conformity to Civil Action.** *See also Creach v. Creach,* 361 Pa.Super. 482, 522 A.2d 1133, 1135 (1987); *Lazaric v. Lazaric,* 818 A.2d 523, 525 (Pa.Super.2003). "The procedural requirements imposed by the Rules of Civil Procedure must be satisfied in order to endow the court with the authority to enter the decree in divorce." *Lazaric,* 818 A.2d at 525 (citing *Creach,* 522 A.2d at 1136).

The record reflects the following relevant dates. On May 13, 2011, Husband filed the divorce complaint. Acceptance of service was signed by Wife on May 20, 2011, and filed on August 19, 2011. On August 18, 2011, the parties signed affidavits of consent and waivers of notice of intention to request entry of a divorce decree. On August 19, 2011, the affidavits and waivers were filed. Neither party disputes that the affidavits of consent were signed by both parties on the ninetieth day following service of the complaint. Relying on the use of the term "elapsed" in section 3301(c), however, Wife contends

that the affidavits should not have been executed prior to the ninety-first day.

■ Computation of any time period under the rules of civil procedure excludes the first day and includes the last day of such period. Pa.R.C.P. 106. This method of time computation is consistent with 1 Pa.C.S.A. § 1908, which requires any period of time in any statute to "be so computed as to exclude the first and include the last day of such period." Wife asserts that a conflict exists between section 3301(c) and Rule 1920.42(b)(1), based simply on the use of the term "elapsed" in the statute versus the Rule's inclusion of the term "after." Wife ignores, however, that section 3301(c) and Rule 1920.42(b)(1) address different time periods, as well as utilize different terminology. Consistent with the computation of time under Pa.R.C.P. 106 and 1 Pa.C.S.A. § 1908, "ninety days or more after" in Rule 1920.42(b)(1) allows for execution of the affidavits on the ninetieth day after service of the complaint. Reading the statute and the rule *in pari materia,* we conclude that the statute and the rule do not conflict.[3] The trial court did not abuse its discretion in refusing to vacate the divorce decree on this basis.

■ In summary, as the complaint was filed on May 13, 2011, and served on May 20, 2011, and the affidavits of consent were executed on August 18, 2011, ninety-seven days after filing of the complaint and ninety days after service, Husband complied with the requirements of Pa.R.C.P. 1920.42(b)(1). As we indicated earlier, divorce actions are to be in conformity with the rules of civil procedure, and the procedural requirements therein must be satisfied to allow the court the authority to enter the divorce decree. Pa.R.C.P.

---

**3.** Moreover, we note that interpreting the term "elapsed" in section 3301(c) as argued by Wife would afford her no relief since the

divorce decree was entered on the 104th day after filing of the complaint.

1920.1(b); *Creach*, 522 A.2d at 1135–1136; *Lazaric*, 818 A.2d at 525. Furthermore, the court was authorized pursuant to 23 Pa.C.S.A. § 3301(c) to enter the divorce on no-fault grounds since more than ninety days had elapsed from the date of commencement of the action, and the affidavits had been filed. Accordingly, we discern no abuse of discretion by the trial court in denying Wife's motion to vacate the divorce decree.

Order affirmed.