J-S30006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| RAMAN KUMAR, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SEEMA RANI, | |
| Appellant | No. 781 WDA 2017 |

Appeal from the Decree April 27, 2017
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD-14-007355-005

| RAMAN KUMAR, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SEEMA RANI, | |
| Appellant | No. 941 WDA 2017 |

Appeal from the Order May 30, 2017
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD-14-007355-005

BEFORE:  BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 24, 2018**

Seema Rani (Wife) appeals from the decree entered on April 27, 2017, granting the divorce between her and Raman Kumar (Husband).  Wife also

---

[*] Retired Senior Judge assigned to the Superior Court.

appeals from the order entered on May 30, 2017, denying her motion to open the divorce decree.[1] Following our review, we affirm.

The trial court provided the background information relating to this appeal, stating:

> This appeal is from this [c]ourt's denial of [Wife's] Emergency Motion To Open Divorce Decree, argued May 30, 2017. In that Motion, [Wife] sought to reopen a Divorce Decree because of the last-minute inclusion of language regarding an alleged loan in the finalized version of a Consent Order that had been designed to resolve the parties' outstanding claims prior to the entry of a divorce decree. It is undisputed that at the conciliation on April 13, 2017, at which counsel for both parties were present, language regarding a student loan was added to a draft Consent Order before the Order was signed by the [c]ourt. Following the entry of the Consent Order, a Final Decree in Divorce was issued, and [Wife] sought to have that decree reopened because [Wife] claims that she did not authorize the additional language, which [Wife] claims is harmful to her interests in ongoing litigation in another jurisdiction.

Trial Court Opinion (TCO), 1/30/18, at 1. The court denied Wife's petition and she filed the present appeal.

However, before this Court may discuss the substance of Wife's appeal, we must respond to Husband's assertion that Wife failed to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal in response to the trial court's order to file such a statement. With reliance on **Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005), Husband contends that Wife has waived any issues she intended to raise on appeal.

_____

[1] The two appeals were consolidated *sua sponte* by this Court in a *per curiam* order, dated July 13, 2017.

Our review of the record reveals that on January 30, 2018, the date the trial court issued its opinion that provides the reasoning underlying its decision to deny Wife's motion to open the divorce decree, the court also issued an order directing the filing of a Rule 1925(b) statement.[2] The order instructs Wife to file a Rule 1925(b) statement within twenty-one days of the date of the order, *i.e.*, January 30, 2018, and warns that "[a]ny issue not properly included in the statement, timely filed and served, shall be deemed waived." **See** Order, 1/30/18. at 1. However, neither the trial court docket nor the order itself contains any notation that the prothonotary provided notice of the court's order to the parties. **See Greater Erie Indus. V. Presque Isle Downs**, 88 A.3d 222, 226 (Pa. Super. 2014) (stating that "[i]n **In re L.M.**, [923 A.2d 505, 510 (Pa. Super. 2007),] this Court held that a failure by the prothonotary to 'give written notice of the entry of a court order and to note on the docket that notice was given' will prevent waiver for timeliness pursuant to Pa.R.A.P. 1925(b)"). Therefore, the fact that no Rule 1925(b) statement was filed by Wife does not equate to a waiver of Wife's issues.

We now turn to Wife's statement of the issue she raises in this consolidated appeal:

> Whether the trial court abused its discretion in failing to open a decree in divorce when Wife alleged that she did not sign the

---

[2] We note that the last sentence of the trial court's opinion states that "[t]his opinion will be updated by the [c]ourt, if and as necessary, following submission of [Wife's] [c]oncise [s]tatement of [m]atters [c]omplained of on [a]ppeal." TCO at 3.

consent order settling all economic claims and the order included liabilities not previously disclosed?

Wife's brief at 4.

In addressing an issue relating to the opening of a divorce decree, we are guided by the following:

> Our standard of review over an order denying a motion to open or vacate a divorce decree requires us to determine whether an abuse of discretion has been committed. A motion requesting that a divorce decree be opened or vacated lies when the motion alleges the decree suffers from a fatal defect apparent upon the face of the record, was procured by either intrinsic or extrinsic fraud, should be voided in light of newly discovered evidence, or was entered by a court without subject matter jurisdiction.

*Reece v. Reece*, 66 A.3d 790, 791 (Pa. Super. 2013) (quoting *Danz v. Danz*, 947 A.2d 750, 752-53 (Pa. Super. 2008)); *see also* 23 Pa.C.S. § 3332.

We have reviewed the certified record, the briefs of the parties, the applicable law, and the analysis provided by the Honorable Hugh F. McGough of the Court of Common Pleas of Allegheny County, dated January 30, 2018. We conclude that Judge McGough appropriately disposes of the issue presented by Wife. Therefore, we adopt his opinion as our own and affirm both the decree and the order on that basis.

Decree affirmed. Order affirmed.

Judge Stabile joins this memorandum.

Judge Strassburger concurs in the result.


Judgment Entered.

- 4 -

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/24/2018