J-S30006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RAMAN KUMAR, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| SEEMA RANI, | | |
| Appellant | | No. 781 WDA 2017 |

Appeal from the Decree April 27, 2017
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD-14-007355-005

| | | |
|---|---|---|
| RAMAN KUMAR, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| SEEMA RANI, | | |
| Appellant | | No. 941 WDA 2017 |

Appeal from the Order May 30, 2017
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD-14-007355-005

BEFORE:  BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:              **FILED JULY 24, 2018**

Seema Rani (Wife) appeals from the decree entered on April 27, 2017, granting the divorce between her and Raman Kumar (Husband).  Wife also

---

[*] Retired Senior Judge assigned to the Superior Court.

appeals from the order entered on May 30, 2017, denying her motion to open the divorce decree.[1]  Following our review, we affirm.

The trial court provided the background information relating to this appeal, stating:

> This appeal is from this [c]ourt's denial of [Wife's] Emergency Motion To Open Divorce Decree, argued May 30, 2017. In that Motion, [Wife] sought to reopen a Divorce Decree because of the last-minute inclusion of language regarding an alleged loan in the finalized version of a Consent Order that had been designed to resolve the parties' outstanding claims prior to the entry of a divorce decree.  It is undisputed that at the conciliation on April 13, 2017, at which counsel for both parties were present, language regarding a student loan was added to a draft Consent Order before the Order was signed by the [c]ourt.  Following the entry of the Consent Order, a Final Decree in Divorce was issued, and [Wife] sought to have that decree reopened because [Wife] claims that she did not authorize the additional language, which [Wife] claims is harmful to her interests in ongoing litigation in another jurisdiction.

Trial Court Opinion (TCO), 1/30/18, at 1.  The court denied Wife's petition and she filed the present appeal.

However, before this Court may discuss the substance of Wife's appeal, we must respond to Husband's assertion that Wife failed to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal in response to the trial court's order to file such a statement.  With reliance on **Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005), Husband contends that Wife has waived any issues she intended to raise on appeal.

_____

[1] The two appeals were consolidated *sua sponte* by this Court in a *per curiam* order, dated July 13, 2017.

Our review of the record reveals that on January 30, 2018, the date the trial court issued its opinion that provides the reasoning underlying its decision to deny Wife's motion to open the divorce decree, the court also issued an order directing the filing of a Rule 1925(b) statement.[2] The order instructs Wife to file a Rule 1925(b) statement within twenty-one days of the date of the order, *i.e.*, January 30, 2018, and warns that "[a]ny issue not properly included in the statement, timely filed and served, shall be deemed waived." **See** Order, 1/30/18. at 1. However, neither the trial court docket nor the order itself contains any notation that the prothonotary provided notice of the court's order to the parties. **See Greater Erie Indus. V. Presque Isle Downs**, 88 A.3d 222, 226 (Pa. Super. 2014) (stating that "[i]n **In re L.M.**, [923 A.2d 505, 510 (Pa. Super. 2007),] this Court held that a failure by the prothonotary to 'give written notice of the entry of a court order and to note on the docket that notice was given' will prevent waiver for timeliness pursuant to Pa.R.A.P. 1925(b)"). Therefore, the fact that no Rule 1925(b) statement was filed by Wife does not equate to a waiver of Wife's issues.

We now turn to Wife's statement of the issue she raises in this consolidated appeal:

Whether the trial court abused its discretion in failing to open a decree in divorce when Wife alleged that she did not sign the

_____

[2] We note that the last sentence of the trial court's opinion states that "[t]his opinion will be updated by the [c]ourt, if and as necessary, following submission of [Wife's] [c]oncise [s]tatement of [m]atters [c]omplained of on [a]ppeal." TCO at 3.

- 3 -

consent order settling all economic claims and the order included liabilities not previously disclosed?

Wife's brief at 4.

In addressing an issue relating to the opening of a divorce decree, we are guided by the following:

> Our standard of review over an order denying a motion to open or vacate a divorce decree requires us to determine whether an abuse of discretion has been committed. A motion requesting that a divorce decree be opened or vacated lies when the motion alleges the decree suffers from a fatal defect apparent upon the face of the record, was procured by either intrinsic or extrinsic fraud, should be voided in light of newly discovered evidence, or was entered by a court without subject matter jurisdiction.

*Reece v. Reece*, 66 A.3d 790, 791 (Pa. Super. 2013) (quoting *Danz v. Danz*, 947 A.2d 750, 752-53 (Pa. Super. 2008)); *see also* 23 Pa.C.S. § 3332.

We have reviewed the certified record, the briefs of the parties, the applicable law, and the analysis provided by the Honorable Hugh F. McGough of the Court of Common Pleas of Allegheny County, dated January 30, 2018. We conclude that Judge McGough appropriately disposes of the issue presented by Wife. Therefore, we adopt his opinion as our own and affirm both the decree and the order on that basis.

Decree affirmed. Order affirmed.

Judge Stabile joins this memorandum.

Judge Strassburger concurs in the result.

Judgment Entered.

- 4 -

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/24/2018

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
FAMILY DIVISION

S.R. ,

          Appellant,

    v.

R.K.,

          Appellee.

No. FD 14-007355-005

Superior Court No. 781 WDA 2017
Superior Court No. 941 WDA 2017

**OPINION**

Copies by first class mail to:

Appellant's Counsel:
Stephanie T. Anderson, Esq.
Vollen Anderson Long, LLC
429 Fourth Avenue, Suite 1502
Pittsburgh, PA 15219
(412) 766-8660

Appellee's Counsel:
Daniel H. Glasser, Esq.
Pollock Begg Komar Glasser & Vertz, LLC
437 Grant St., Suite 501
Pittsburgh, PA 15219

FILED
2018 JAN 30 PM 4:17
DEPT. OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY

S.R.,

        Appellant,

    v.

R.K.,

        Appellee.

No. FD 14-007355-005

Superior Court No. 781 WDA 2017
Superior Court No. 941 WDA 2017

## OPINION

H. F. McGough, J.                                    January 30, 2018

### Case Background

This appeal is from this Court's denial of Appellant's Emergency Motion To Open Divorce Decree, argued May 30, 2017. In that Motion, Appellant sought to reopen a Divorce Decree because of the last-minute inclusion of language regarding an alleged loan in the finalized version of a Consent Order that had been designed to resolve the parties' outstanding claims prior to the entry of a divorce decree. It is undisputed that at the conciliation on April 13, 2017, at which counsel for both parties were present, language regarding a student loan was added to a draft Consent Order before the Order was signed by the Court. Following the entry of the Consent Order, a Final Decree in Divorce was issued, and Appellant sought to have that decree reopened because Appellant claims that she did not authorize the additional language, which Appellant claims is harmful to her interests in ongoing litigation in another jurisdiction.

## Discussion

With respect to opening a divorce decree, 23 Pa.C.S. §3332 provides, in relevant part, that the "Motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack on its validity."

Here, however, Appellant has alleged neither intrinsic fraud nor new evidence. The allegations made in Appellant's motion, rather, portray confusion *as between Appellant and Appellant's counsel* as to the limits of counsel's authority and the import of the language that was changed at the conciliation.

Appellant states in Paragraphs 8- 10 of the Emergency Motion:

8. On April 13, 2017 at 6:49 a.m. [Appellant] sent [Appellant's counsel] an email requesting additional language that pertained to litigation between the parties in India. At 7:36 a.m. [Appellant's counsel] replies that he has updated the documen:. At 9:56 a.m. [Appellant] returned the signed Consent Order to her lawyer via email. ...

9. The Consent Order [Appellant] signed and returned to her lawyer ... makes no mention of of any loans of any nature.

10. On April 13, 2017 while at the conciliation, [Appellant's] counsel called [Appellant] ([Appellant] was not present as she resides in Missouri) and told [Appellant] [Appellee] was willing to waive the $20,000 loan. [Appellant] responded that she should have no responsibility for that loan as it was [Appellant's] student loan. There was no mention during that conversation, nor was there any correspondence with [Appellant] after, that the "Consent Order" was going to be or was modified and her signature attached, nor did [Appellant] consent to such any such modification.

From this quote, it is clear that having chosen not to be physically present for the conciliation called to finalize the Consent Order, Appellant was in both telephonic and other electronic communication with her counsel, both before and during the conciliation.

The entire purpose of the conciliation on April 13, 2017 was to resolve outstanding issues and to finalize the Consent Order, and Appellant's counsel was present for the purpose of doing just that. Appellant's counsel was possessed of apparent authority to finalize the Consent Order

-2-

in Appellant's physical absence, and the fact that Appellant and counsel remained in telephonic communication both before and during the conciliation undermines Appellant's claim that her interests were not represented at the conciliation.[1] The impact of any error or confusion in the import of the added language should, therefore, be borne by Appellant, who has failed to allege or to show either intrinsic fraud on the part of Appellee or the existence of any new evidence.

What Appellant has averred in her Motion and in this Appeal, therefore, is essentially a miscommunication between Appellant and Appellant's counsel. This Court could find no authority indicating that such a miscommunication in the execution of a Consent Order constituted "new evidence" within the meaning of the statute – particularly in the absence of any showing of materiality on the part of the complaining party. Accordingly, this Court concluded that Appellant had alleged neither intrinsic fraud nor new evidence which would justify this Court in opening the divorce decree pursuant to 23 Pa.C.S. §3332.

For all of the foregoing reasons, the denial of Appellant's Emergency Motion on May 30, 2017 should be Affirmed. This opinion will be updated by the Court, if and as necessary, following submission of Appellant's Concise Statement of Matters Complained of on Appeal.

BY THE COURT:

Honorable Hugh Fitzpatrick McGough
Court of Common Pleas
Room 5069, Family Law Center
440 Ross Street
Pittsburgh, PA 15219

Honorable Hugh Fitzpatrick McGough
Court of Common Pleas

---

[1] The claim that Appellant "was not present in Court on April 13, 2017 so she does not have direct knowledge of what transpired," (Emergency Motion, ¶13) is at least partially contradicted by Appellant's admission that her counsel telephoned her *during* the conciliation. (Emergency Motion, ¶10).

-3-