J-A08031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LISA M. PARIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC A. PARIS | : | |
| | : | |
| Appellant | : | No. 1136 WDA 2018 |

Appeal from the Order Entered July 22, 2018
In the Court of Common Pleas of Washington County Civil Division at
No(s):  2013-6327

BEFORE:  PANELLA, P.J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED July 1, 2019**

Eric A. Paris ("Husband") appeals from the order denying his petition to open and/or vacate a divorce decree. Eric argues the trial court abused its discretion in denying his petition because he did not receive a copy of the Report and Recommendation of the Master. We affirm.

Lisa M. Paris ("Wife") filed a Complaint in Divorce against Husband on October 17, 2013, which was re-instated on January 9, 2014. On April 4, 2017, the court appointed a Master. The Master had two conferences, which Husband did not attend, but his counsel did attend.

The Master scheduled the matter for two days of hearings, to be held on September 28 and September 29, 2017. On September 15, 2017, Husband's counsel filed a Petition to Continue Equitable Distribution Hearing and a Petition for Leave to Withdraw as Counsel. He stated that Husband "requested that [he] withdraw so that [Husband] may secure successor

counsel." Petition for Leave to Withdraw as Counsel, filed Sept. 15, 2017, at ¶ 3. The Master denied the request for a continuance, but granted the petition to withdraw.

On the day of the hearing, Husband appeared by telephone from Georgia. Husband did not have counsel admitted in Pennsylvania. An attorney licensed in Georgia and New York was with Husband. The attorney was permitted to be a fact witness, but not permitted to represent Husband. Near the end of the hearing, Husband claimed he had a copy of an order that continued the hearing. The Master and Wife were unaware of this order, and Husband had not produced a copy of the order.

At the hearing, Husband stated that he was proceeding under protest and wanted an opportunity to conduct the hearing with an attorney present. N.T., 9/28/17, at 106, 118. When Husband asked whether there would be other opportunities for court review, the Master stated:

> [T]his is the time and date set for a hearing. So I can handle it a couple different ways. One is to allow you to submit certain evidence as we go through this process in the next hour or so, upon your request, which you've already made two requests to do.
>
> And those, without getting into specifics, that may or may not be granted. I'm leaning toward granting certain requests.
>
> Secondly, as counsel, again your local counsel down there, and your Pennsylvania counsel who you will eventually engage, they will tell you, you're free to approach the judge, the assigned judge, to have the hearing reopened, even if I rule that there's no further need. So you can approach the judge to do that.

> Thirdly, if we close the proceedings, or even leave the proceedings open for certain documents, to get those documents, I make my report and recommendation, you can file what is called exceptions. It's like an appeal, that appeals my report and recommendation directly to the judge, the assigned judge.
>
> . . .
>
> But just make sure you understand, I can't predict what the judge is going to do. It's not up to me.

*Id.* at 112-13.

Further, the following exchange regarding addresses occurred:

> Q: [Husband], what is your current physical address?
>
> A: It's [address of record].
>
> THE MASTER: What is that PO Box, again?
>
> [Husband]: If you are going to send me any type of documentation, just send it through my - -
>
> THE MASTER: No, no, I'm required to have an address for you. . ..
>
> [Husband]: [Address of record].

*Id.* at 189-90.

The Master permitted Husband to file post-hearing submissions, *id.* at 194, and Husband submitted documents post-hearing. Master's Report and Recommendation, filed Dec. 18, 2017, at ¶¶ 13A-B.

The Master filed the Report and Recommendation on December 18, 2017. The report was twice mailed to Husband at the address he provided, but returned as undeliverable. The envelopes were marked undeliverable on December 28, 2017, and January 26, 2018. ***See*** Motion for Reconsideration of Order Denying, With Prejudice, Defendant's Petition Pursuant to 23 Pa.C.S.

§ 3332, filed July 20, 2018, at Exh. A. By Order dated January 29, 2018, and filed and sent to the parties on January 30, 2018, the court ordered that a decree in divorce be entered and adopted the Report and Recommendation. In a decree dated January 29, 2018, and filed and sent to the parties on January 31, 2018, the court decreed the parties divorced. The record does not contain an envelope returned after the date of mailing of the divorce order and decree.

On March 28, 2018, Wife filed a Petition Pursuant to 23 Pa.C.S. § 3703, for enforcement of arrearages. This petition was served on Husband by mail, and not returned as undeliverable.

On May 2, 2018, Husband filed a Petition to Open and/or Vacate Divorce Decree and Order of Court Dated January 29, 2018 pursuant to 23 Pa.C.S.A. § 3332 and to Remand to Master for Further Hearing.

The court held a hearing on Husband's Petition. Husband had been granted permission to attend by phone. At the hearing, Husband's counsel stated Husband had taken prescribed pain medications and that Husband did not feel that he was "clear" to testify. N.T., 7/9/18, at 3-4. Husband did not answer when the court called his phone and did not submit evidence. Husband did not seek to provide testimony, affidavits, or other evidence after the hearing.

The court denied Husband's petition. Husband filed a timely appeal.

Husband raises the following issues:

1. Did the trial judge commit an abuse of discretion by failing to grant [Husband] the relief requested in his Petition to Open and/or Vacate Divorce Decree Pursuant 23 Pa.C.S.A. § 3332, despite the uncontroverted fact that [Husband] never received a copy of either the Master's Report or Divorce Decree, both having been returned to the Prothonotary marked undeliverable despite having been addressed to [Husband's] proper address at that time?

2. Did the trial judge commit an abuse of discretion by failing to grant [Husband] the relief requested in his Petition to Open and/or Vacate Divorce Decree Pursuant to 23 Pa. C.S. § 3332 despite the Master in Divorce Abusing his discretion by advising (and as such providing legal advice to a *Pro Se* Litigant), during the course of the hearing and in response to [Husband's] repeated continuance requests, that [Husband] would have an opportunity to have the Master's Hearing re-opened or re-heard, with the Master having full knowledge of, and failing to further advise [Husband] of, the tremendous legal burden that would be placed upon [Husband] in Order to do so and in failing to allow [Husband] to provide an address for his out of state attorney, in addition to his own address, for purposes of service?

3. Did the trial judge commit an abuse of discretion by failing to grant [Husband] the relief requested in his Petition to Open and/or Vacate Divorce Decree Pursuant to 23 Pa. C.S. § 3332 despite [Husband] being unjustly prejudiced by not having the opportunity (due to lack of service) to either file exceptions to the Master's Report or Appeal the Divorce Decree?

Husband's Br. at 6-7. Although stated as three issues presented, Husband argues the issues together in his brief.

Husband claims that his issues of "lack of representation, requesting of a continuance and proceeding under protest, in and of themselves, might not constitute a fatal defect or extrinsic fraud." Husband's Br. at 15. He alleges

however that "when viewed as a whole in conjunction with the fact that [Husband] . . . did not receive a copy of the Master's Report or Divorce Decree . . . it is all the more clear that the Court abused its discretion in not granting him, at the very least[,] the opportunity to file exceptions[.]" *Id.* Husband claims the court failed to follow procedural requirements and he was therefore denied an opportunity to petition for a rehearing or file exceptions. He maintains that it is not sufficient that the court sent the document, but rather the litigants must actually receive the Master's Report. Husband's Br. at 19 (citing Pa.R.Civ.P. 1920.55-2, Comment). Husband further contends the Master should have permitted him to provide his local Georgia counsel's address. Husband claims because he did not receive the document, a fatal defect exists.

Husband also claims the Master informed him he could request a re-opening of the proceeding or file exceptions. Therefore, to deny him an opportunity to do so is a "miscarriage of justice." *Id.* at 19.

We review an order denying a motion to open or vacate a divorce decree for an abuse of discretion. *Danz v. Danz*, 947 A.2d 750, 752 (Pa.Super. 2008) (citing *Egan v. Egan*, 759 A.2d 405, 407 (Pa.Super. 2000)).

"A motion to open a decree of divorce or annulment may be made only within" 30 days after the entry of the decree. 23 Pa.C.S.A. § 3332; 42 Pa.C.S.A. § 5505. A motion to open "may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity." 23 Pa.C.S.A. §

3332. "A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree." *Id.* Further, "[i]ntrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case." *Id.*

The trial court found Husband was not entitled to relief. It rejected Husband's claim that he did not receive the Master's Report and Recommendation and his reliance on the fact that the documents were returned as not deliverable. Trial Court Opinion, filed Oct. 1, 2018, at 9. It noted the Prothonotary used the address Husband had provided, and Husband argues this was a true and correct mailing address. *Id.* Because Husband did not testify, the court does not know when the address ceased to be a correct mailing address or if he provided an incorrect address. *Id.* at 9-10. The court noted that pursuant to Pennsylvania Rule of Civil Procedure 440(b), "[s]ervice by mail of legal papers other than original process is complete upon mailing." *Id.* at 10. Therefore, the Prothonotary completed service when it mailed the papers.

Citing Rule 1920.55-2(a)(1)(ii), the court noted there was no evidence that Husband inquired about the status of the Master's report and recommendation, even though the Rule requires the Master to file a report

within 30 days from receipt of the transcript and Husband allegedly never received it. *Id.* at 10. The court also noted there is no right to legal representation in a divorce proceeding, and Husband does not claim the court erred in denying the motion to continue the hearing. *Id.* at 11-12.

The trial court also rejected Husband's claim that the Master's comments at the hearing required the trial court to grant his motion to open or vacate. *Id.* at 12-15. The trial court found Husband did not establish the Master abused his discretion in comments at the hearing regarding the potential for re-opening the record at a later date. *Id.* Husband provided no "basis, analysis, or guidance on how the interaction with the Master constitutes extrinsic fraud." *Id.* at 15.

The trial court did not abuse its discretion. The Prothonotary sent the document to the address Husband provided. Service occurred when the Prothonotary mailed the document. *See* Pa.R.Civ.P. 236 (governing notice by Prothonotary of Entry of Order); Pa.R.Civ.P. 440(b) (noting service by mail is complete upon mailing). Further, Rule 1920.55-2 states that either party may file exceptions to the master's report "[w]ithin twenty days of the date of receipt or the date of mailing of the master's report and recommendation, whichever occurs first." Pa.R.Civ.P. 1920.55-2(b). Here, the mailing occurred on December 18, 2017, and any exceptions were due within 20 days of the mailing. *See id.* Husband's reliance on a comment to Rule 1920.55-2, which states that the time for filing exceptions had been expanded from ten to 20 days to "provide ample opportunity for litigants and counsel to receive notice

of the report and recommendation" is misplaced. This comment does not put any additional burden upon the Prothonotary or Master for sending the Report and Recommendation different than its duty for sending any other order. In other words, the Prothonotary must mail the document to the addresses of record. **See** Pa.R.Civ.P. 236(a)(2) (providing Prothonotary shall give written notice of any order "to each party's attorney of record or, if unrepresented, to each party"); **see also** Pa.R.Civ.P. 1920.55-2(a) (providing Master shall serve the Report and Recommendation upon counsel or party, if unrepresented). Further, as the trial court noted, Husband did not act diligently in seeking to vacate the decree, as he did not even file the motion until over a month after receiving Wife's motion for enforcement of arrearages.

Further, Husband's claim that the Master erred when he did not permit Husband to put the address of his Georgia attorney on the record fails. The Georgia attorney was not licensed in Pennsylvania and was not admitted *pro hac vice*. Further, the trial court did not abuse its discretion in concluding that Husband failed to establish any relief was due based on the Master's comments, particularly because the discussion with the Master did not justify Husband's failure to seek to re-open or vacate the decree until months after the Report and Recommendation and Decree of Divorce were entered.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/1/2019</u>