J-A14029-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| DONNA J. BARNHART | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN L. BARNHART | : | |
| | : | |
| Appellant | : | No. 1472 WDA 2019 |

Appeal from the Order Entered August 28, 2019
In the Court of Common Pleas of Cambria County Civil Division at No(s):
No. 2005-3380

BEFORE:  SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:          FILED SEPTEMBER 24, 2020

Jonathan L. Barnhart ("Husband") appeals pro se from the order denying his motion to vacate a divorce decree. Husband argues the trial court abused its discretion in denying his motion because his right to due process was violated due to judicial misconduct. We affirm.

Donna Barnhart ("Wife") originally filed for divorce from Husband in 2005; the couple had three minor children. A master was appointed to hear matters of both divorce and custody in 2006. In 2011, Husband filed a "Petition for Extraordinary Jurisdiction in the [Pennsylvania] Supreme Court," which was declined. Cambria County Judge Leahey entered a divorce decree on January 11, 2012, which incorporated the Master's Report and Recommendation. Husband filed a timely appeal to this Court, which we quashed because outstanding issues remained and the trial court had not provided a detailed explanation of its consideration of the equitable

distribution factors. Barnhart v. Barnhart, 68 A.3d 354 (Pa.Super. 2013) (Table) (unpublished memorandum).

Meanwhile, during the pendency of the instant case, Husband had a child with another woman and became involved in another custody case ("Second Case"). In February 2012, Husband filed a motion to recuse Judge Leahey from the Second Case. Following a hearing, Judge Leahey issued an order stating that he found Husband's allegations against him to be "outrageous and preposterous." Statement and Order of Senior Judge Leahey, dated 4/11/12. Nevertheless, he found that due to Husband's "offensive" allegations, he would no longer be able to be impartial and he recused himself from the case. Id. Judge Timothy P. Creany replaced him in both the Second Case and the instant divorce.

Thereafter, Judge Creany entered the divorce decree instantly at issue on July 23, 2014 ("Divorce Decree"). Husband appealed and this Court affirmed. Barnhart v. Barnhart, No. 1378 WDA 2014 (Pa.Super. filed Nov. 13, 2015) (unpublished memorandum). One of Husband's issues was Judge Creany's alleged bias/misconduct. This Court found the issue waived due to lack of development, but nonetheless addressed it on the merits in a footnote and rejected it. The Court stated, "[o]ur review of the excerpts [of the transcripts] cited by Husband reflect no bias or ill-will by Judge Creany. However, such excerpts reflect a grave disrespect for the tribunal by Husband." Id. at 2 n.6.

Meanwhile, in the Second Case, Husband filed a motion in November 2012, seeking the recusal of not only Judge Creany but also the entire Cambria County bench due to "misconduct." Judge Creany denied the motion. On appeal from a final custody order, we addressed the recusal motions, stating, "[Husband] appears to have a distrust in the judges of . . . Cambria County. . . . Thus, we direct the trial court to determine whether this case would be better served to be heard by an out-of-county trial judge." J.L.B. v. S.A.T., No. 395 WDA 2014, at 5 n.4 (Pa.Super. 2014) (unpublished memorandum). On remand, Husband filed yet another motion to recuse Judge Creany and the Cambria County bench, but the motion was denied as an out-of-county senior judge, Judge Leete, had already been appointed.

Subsequently, in the instant divorce case, Husband filed yet another emergency motion with our Supreme Court, this time asking the Court to require Judge Leete to recuse. The Supreme Court denied the motion, and Husband filed the subject petition to vacate the 2014 Divorce Decree. The trial court denied Husband's petition. This timely appeal followed and both the trial court and Husband complied with Pa.R.A.P. 1925.

Husband raises the following issues:

> 1. Did the trial court err as a matter of law and deny [Husband] his right to due process?
>
> 2. Did the trial court error and deny [Husband] the right to a speedy and fair decision at a reasonable cost?
>
> 3. Did the trial court show bias against [Husband]?

4. Did the trial court fail to self-police?

5. Is [Husband] entitled to costs and other damages?

Husband's Br. at 5-6 (suggested answers omitted).

In his first and third issues, Husband presents the overarching argument that his due process rights were violated because Judge Creany "was not an impartial jurist as a matter of law" when he issued the divorce decree. Id. at 21. He claims that Judge Creany evidenced bias against him by defending Judge Leahey's alleged misconduct, ignoring the best interests of Husband's children by appointing hearing officers during his custody case, causing delay by allegedly not signing the divorce decree promptly, and failing in matters regarding the preparation of the certified record. Husband maintains that this Court's footnote in his Second Case established Judge Creany's misconduct as a matter of law by noting Husband's distrust of the Cambria County bar and directing the trial court "to determine whether this case would be better served to be heard by an out-of-county trial judge." Id. at 9-10. To this end, Husband likens his case to Slusser v. Laputka, Bayless, Ecker and Cohn, 9 A.3d 1200, 1206-07 (Pa.Super. 2010).

We review an order denying a motion to open or vacate a divorce decree for an abuse of discretion. Danz v. Danz, 947 A.2d 750, 752 (Pa.Super. 2008) (citing Egan v. Egan, 759 A.2d 405, 407 (Pa.Super. 2000)). Section 3332 of the Domestic Relations Code governs motions to open or vacate divorce decrees and provides:

A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S.[A.] § 5505 (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

23 Pa.C.S.A. § 3332 (emphasis added).

In this context, "'extrinsic or collateral fraud'" refers to "conduct of the prevailing party which has prevented a fair submission of the controversy." Justice v. Justice, 612 A.2d 1354, 1358 (Pa.Super. 1992) (citation omitted). "The fraud in such case is extrinsic or collateral to the question determined by the court." Id.

The trial court concluded that Husband's allegations do not constitute "extrinsic fraud" necessitating that the Divorce Decree be vacated. See Pa.R.A.P. 1925(a) Opinion, 11/18/19, at 1-2. We agree. Husband presents no evidence whatsoever that Judge Creany was not an impartial jurist at the time he issued the Divorce Decree. Husband's citation to the footnote in this Court's decision in the Second Case is inapposite, as it did not find Judge Creany to

be biased or partial, or require Judge Creany to recuse from matters regarding Husband.

Moreover, Slusser is easily distinguishable. There, an improper criminal relationship between the presiding Judge and an attorney participating in the case had been judicially determined in another case. There, despite being asked about it a trial, the presiding Judge declined to reveal the relationship. Thus, our Court concluded that vacating the judgment at issue was appropriate. Here, Husband has not presented any evidence that Judge Creany labored under any bias or partiality at the time he entered the Divorce Decree. Nor was his judicial integrity undermined by any specific judicial finding. Contrary to Husband's arguments, this Court's footnote in the Second Case does not constitute such a finding as we merely noted Husband's ongoing distrust of the Cambria County Bar. Accordingly, Slusser is instantly inapposite and we conclude that Husband's first and third issues are devoid of merit.[1]

In his second and forth issues, Husband presents claims that are not cognizable under Section 3332. In his second issue, Husband asserts that the

_____

[1] To the extent Husband also argues that the trial court abused its discretion by failing to conduct a hearing regarding his instant petition, we find the claim waived. Husband fails to develop the issue by citing to pertinent legal authority regarding any requirement for a hearing in the instant context nor does he specify what additional evidence he was precluded from presenting. See Commonwealth v. Freeman, 128 A.3d 1231, 1249 (Pa.Super. 2015) ("the failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119") (citation omitted); Pa.R.A.P. 2119(a).

trial court generally erred in failing to provide him with a speedy divorce. He contends that Wife was the beneficiary of this delay due to the alimony pendente lite she was able to collect over the course of the divorce proceedings. In his fourth issue, Husband makes the vague claim that both judges and attorneys failed to "self-report" misconduct "replete" in the record of both the instant matter and in his custody cases. Husband fails to explain how his contentions constitute intrinsic or extrinsic fraud, or a fatal defect on the face of the record, such as would require the trial court to grant his petition. Thus, Husband's second and forth issues warrant no relief.

In his final claim, Husband seeks attorney fees and costs "due to [Wife's] dilatory, obdurate, and vexatious conduct." Husband's Br. at 54; See Pa.R.A.P. 2744. Husband has not identified any actions whatsoever on the part of Wife that would constitute such conduct, and we see none. We thus deny the request.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/24/2020